## Commonwealth v. MacDonald, Appellant.

*Criminal law—Fraudulent conversion—Agency—Indictments— Act of March 31, 1860, P. L. 382—Act of May 18, 1917, P. L. 241.*

Where a defendant is tried before the same jury upon two separate bills of indictment involving the same transaction, the first, under the Act of March 31, 1860, P. L. 382, for converting and appropriating money of a corporation to his own use while acting as agent, and the second containing two counts, the first of which includes the allegation of agency, and the second, under the Act of May 18, 1917, P. L. 241, merely charging fraudulent conversion; and a general verdict of guilty on both counts is rendered, the conviction will be sustained. The court having imposed but one sentence applicable to both indictments, the judgment must be affirmed, if the conviction upon either of the indictments was free from error.

Under such circumstances, it was not necessary to determine whether the evidence was such as to constitute the defendant technically the agent of the corporation, within the meaning of the Act of 1860, where there was sufficient evidence to warrant the conviction of the defendant upon the second count of the indictment of the offense defined by the Act of May 18, 1917, P. L. 224. Under the latter count it was sufficient to show that the defendant received the money for the purpose of procuring a conveyance to the corporation, and that he fraudulently withheld and applied the same to and for his own use and benefit.

Argued March 11, 1919. Appeal, No. 261, Oct. T., 1919, by defendant, from judgment of Q. S. Phila. County, August Sessions, 1918, Nos. 458 and 459, on verdict of guilty in case of Commonwealth v. William MacDonald. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Indictment for fraudulent conversion. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the court, and the refusal to give binding instructions for defendant.

*David R. Griffith, Jr.,* for appellant.

*Charles Edwin Fox,* Asst. District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY PORTER, J., July 14, 1920:

The defendant was tried before the same jury upon two separate bills of indictment, which, however, charged offenses averred to have been committed in the same transaction; the misdemeanor involved being the

fraudulent conversion of money the property of "Thomas Wolstenholme Sons & Company, Incorporated." The indictment, No. 458, charged that the defendant, being an agent and acting for the said corporation, had been entrusted, for safe custody, with a certain sum of money and had with intent to defraud converted and appropriated the same to his own use. This indictment charged the misdemeanor defined by section 114 of the Act of March 31, 1860, P. L. 382. The indictment, No. 459, contained two counts, the first drawn under the section of the Act of 1860 above mentioned. The second count of this indictment charged that the defendant having received and having possession of certain money, the property of the prosecutor, unlawfully did then and there fraudulently withhold, convert and apply said money to and for his own use and benefit, and clearly was intended to, and did, charge the offense defined by the Act of May 18, 1917, P. L. 241, entitled "An act making the fraudulent conversion of property or the proceeds of property a misdemeanor," etc. The jury having rendered a general verdict of guilty on both counts, the court imposed a single sentence, of fine and imprisonment, and the defendant appeals from that judgment.

The court having imposed but one sentence, applicable to both indictments, the judgment must be affirmed if the conviction upon either of the indictments was free from error. Thomas Wolstenholme Sons & Co., a corporation, desired to purchase a piece of real estate adjoining their manufacturing establishment, in the City of Philadelphia. The evidence would have warranted a finding that the defendant represented to the officers of the corporation that there would be no trouble about getting a clear title to the property, and undertook to procure it for them. The defendant prepared a written agreement which was executed by the parties. If this agreement were the only evidence in the case it would establish that the transaction was one in which the defendant had merely agreed to sell and the corporation

had agreed to buy the property, at a price and upon terms specified in the writing. The oral evidence, however, clearly established that it was all the time understood between the parties that MacDonald did not own the property, that the corporation paid him the money from time to time as he requested, with the understanding that he was using the money thus paid for the purpose of procuring the property for the corporation, and that he represented that the negotiations were proceeding favorably and that there would be no question about his procuring for them a title to the property. There is nothing in the evidence to indicate that MacDonald ever intimated that he was acting for the owner of the property from whom the conveyance was to be procured. The Commonwealth was not a party to the written agreement, was not bound by its terms, and it was competent for the prosecution to show, by oral evidence, that it was the understanding between the parties at the time the money was paid that it was to be paid by Mac-Donald to the owner of the property, for the purpose of procuring the conveyance to the corporation which advanced the money, and that, in preparing the written agreement, MacDonald was simply resorting to a trick, which he supposed would shield him from the consequences of his subsequent fraudulent conversion of the money which he even then intended to appropriate to his own use. It is not necessary in this case to determine whether the evidence was such as to constitute Mac-Donald technically the agent of the corporation, within the meaning of the Act of 1860. The evidence certainly was such as to warrant the conviction of the defendant, upon the second count of the indictment, No. 459, of the offense defined by the Act of May 18, 1917. It was not necessary under that count to prove that the defendant was technically the agent of the corporation. It was sufficient to show that he had received the money for the purpose of procuring the conveyance of the property to the corporation, and that he fraudulently withheld

and applied the same to and for his own use and benefit. The court properly refused binding instructions in favor of the defendant.

When the officers of the corporation discovered that MacDonald was not applying to the purchase of the property the thirty-one hundred and seventy-five dollars which they advanced to him, it was their right to then ask him to account and they were not required to pay the balance of thirty-five hundred dollars, and take the chances of his misappropriation of the additional sum. The first specification of error is overruled. It was not material to show that some other party had a good title to the lot of ground in question, unless accompanied by an offer to show that MacDonald had paid the money to that party, or in some way account for his failure to so pay. The second specification of error is without merit. The conviction upon the second count of the indictment, No. 459, was sufficient to sustain the sentence imposed by the court below, and all the specifications of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.

LINN, J., did not sit and took no part in the decision.