## Commonwealth *v.* Gilliam, Appellant.

*Criminal law—Fraudulent conversion—Intent—Charge of court —Sufficiency.*

In the trial of an indictment for the fraudulent conversion of a bond, instructions to the jury are proper which, in effect, charged that they could convict if they believed that the defendant intended to retain the property for his own use and profit, even although he did not intend to keep it permanently.

It was also proper for the court to instruct the jury that if the defendant retained the property for purposes of his own use and profit, after demand was made upon him for the return of the same, such circumstances should be taken into consideration by them in determining whether or not such use was with fraudulent intent.

Argued October 26, 1922. Appeal, No. 262, Oct. T., 1922, by defendant, from judgment of Q. S. Phila. Co., April Sessions, 1922, No. 512, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Lloyd V. Gilliam. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for embezzlement and unlawful conversion. Before BARNETT, P. J., Forty-first Judicial District, specially presiding.

The opinion of the Superior Court states the case.

Verdict of guilty on the second and third counts, on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court, quoting it.

*Ephraim Lipschutz,* and with him *John R. K. Scott* and *William T. Connor,* for appellant.

*James G. Gordon, Jr.,* Assistant District Attorney, for appellee.

OPINION BY PORTER, J., October 5, 1923:

The defendant being a broker received in August, 1921, the sum of $990 to be used to purchase for a customer a bond of the French Republic. The defendant not having delivered the bond nor returned the money to his client, this prosecution was begun on March 11, 1922, and an indictment was found charging him with fraudulent conversion. The first and second counts of the indictment were drawn under section 114 of the Act of March 31, 1860, P. L. 410; the first charging that the defendant did with intent to defraud convert the bond to his own use, and the second charging that he did with intent to defraud convert the money to his own use. The third and fourth counts were drawn under the provisions of the Act of May 18, 1917, P. L. 241, and charged the fraudulent withholding, conversion and application to his own use and profit of the bond and money, respectively. The trial resulted in a verdict of guilty upon the second and third counts of the indictment, and the court imposed a single sentence which was less than the penalty authorized by law for the offense charged in either of the counts. The defendant appeals.

The fact that the prosecuting witness had employed the defendant as a broker and delivered to him, in August, 1921, $990 to purchase for the prosecutor a bond of the French Republic was not disputed, nor was it disputed that the arrangement between them was that the defendant should retain the bond for safe keeping until the prosecutor asked for it. There was a conflict of evidence as to whether the prosecutor had ever made any demand upon the defendant for the delivery of the bond. The prosecutor testified that he had repeatedly demanded the bond, and a county detective testified that, some days before the prosecution was instituted, he had an interview with the defendant, demanded the delivery of the bond to the prosecutor and made an arrangement with the defendant for the delivery of the bond upon a certain day, with which arrangement the defendant failed to

comply.   The defendant testified that no demand had been made upon him by any person for the delivery of the bond.   There was a question, under the evidence, whether the defendant had actually purchased the bond prior to the beginning of the prosecution.

The first assignment of error complains that the court charged the jury as follows: "Therefore, if the defendant intended in his possession of this property, if you find that he did possess it and retain it beyond the time that demands were made upon him for it, for purposes of his own use, convenience, advantage or profit; although he may not have intended permanently and for all time to keep it away from his client, nevertheless, you may determine under such circumstances that he had the intent to defraud."   This did not amount to an instruction that the mere fact that the defendant retained the money or the bond temporarily rendered him guilty of the offense, and the jury certainly could not have so understood it.   The court, in that part of the charge immediately preceding the sentence assigned for error, had charged the jury that: "Unless there was an intent to defraud on the part of the defendant, there can be no conviction in this case merely by reason of the fact that he retained either the money or the bond beyond the time that he should reasonably have returned it, if you so find it, beyond the time that the demand was made upon him for it; if you find such demand to have been made. But there must have been an intent to defraud."   In the sentence following that complained of, the court thus instructed the jury: "The intention of the defendant in this case is to be determined by you from all the evidence of his acts and conduct tending to throw light upon what he meant by such act or conduct."   The jury could not have failed to understand, from the tenor of the general charge, that if no demand had been made upon the defendant for the delivery of the bond or the return of the money there could not, in these circumstances, be a conviction upon this indictment.   If the evidence produced

by the Commonwealth was to be believed the prosecuting witness had made demand of the defendant for the delivery of the bond five months before the prosecution was instituted and had continued to make demands during the intervening months. It was entirely proper for the court to instruct the jury, that if the defendant retained the property, after demand thus made upon him, for purposes of his own use, convenience, advantage or profit, that was a circumstance to be taken into consideration by them in determining whether or not such use was with fraudulent intent. There can be no doubt that in many, if not in most, cases in which an agent uses the money of his principal in speculation upon his own account, it is with the intention of restoring the money, after his speculation has resulted in profit to himself. The first specification of error is overruled.

The jury having rendered a general verdict of guilty as indicted, the learned counsel for defendant asked that they be polled as to each count of the indictment. This being so it was entirely proper for the court to instruct the jury as to the distinction between the counts, as to their duty in case they found the bond was actually purchased, or if, on the contrary the bond had not been purchased, and the money merely converted by the defendant. The court, upon the request of counsel for defendant, instructed the jury that the informal verdict, "given by the foreman inadvertently is not binding upon them and that they may consider the case anew." The second assignment of error is dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.