## Commonwealth v. Ryder, Appellant.

*Criminal law—Fraudulent conversion—Notes—Failure to return as agreed—Act of May 18, 1917, P. L. 241.*

One who retains possession of promissory notes which were given him for an express purpose, and uses them otherwise for his own gain, in violation of an agreement to return them to the maker in the event of failure to accomplish that for which they were intended, is guilty of a fraudulent conversion of property, within the provisions of the Act of May 18, 1917, P. L. 241.

KELLER, J., dissents.

Argued November 15, 1922. Appeal, No. 237, Oct. T., 1922, by defendant, from judgment of Q. S. Lancaster Co., April Sessions, 1922, No. 22, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Louis E. Ryder. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for fraudulent conversion. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were, inter alia, refusal to direct a verdict of not guilty, various parts of the charge of the court, and refusal of a new trial.

*B. F. Davis,* and with him *B. F. Davis, Jr.,* for appellant.

*John E. Malone,* for appellee, filed no printed brief.

OPINION BY TREXLER, J., March 2, 1923:

The defendant was indicted for "having received and having in his possession two promissory notes aggregating $1,200 on which said notes Frank Zentz (prosecutor) ......is maker, said notes belonging to the said Frank Zentz and which the said Frank Zentz was entitled to receive and have, did unlawfully and fraudulently withhold, convert and apply the said notes and the proceeds derived from the disposition of said notes to and for his own use and benefit," etc. The Act of May 18, 1917, P. L. 241, provides "That any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other person, firm, or corporation, or which any other person, firm, or corporation is entitled to receive and have, who fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, shall be guilty of misdemeanor, and upon conviction thereof shall be sentenced," etc.

The principal questions raised on this appeal are (1) Whether the relation of debtor and creditor existed between prosecutor and defendant. (2) Whether the defendant was guilty of fraudulent conversion, the notes being signed by the prosecutor payable to a third party who in turn endorsed them, the defendant being the second endorser and having discounted them and retained the proceeds. (3) Was there sufficient evidence to sustain the conviction? These questions can all be answered by giving a brief summary of the prosecutor's testimony.

He stated that Ryder the defendant told him there was a car for sale in New York State. Not having the money the prosecutor arranged with the defendant to raise the $1,200 required for the purchase of the car by giving the defendant two notes of $600 each. The car had been represented to be a Cadillac 1918 car, but was found to be of the year 1915. The prosecutor upon inspection in New York State refused to take the car unless the price was reduced to $700. The bargain was not closed, but the car was brought from New York to Lancaster and the defendant decided he would rather hold the machine, take his chances and sell it. In the event of its sale both parties of the transaction were to receive $100 each and the party finding the customer $100. The testimony which we think was fatal to the defendant, if believed, was that under the arrangements made prior to going to New York to inspect the car, it was agreed that if it was not perfectly satisfactory to the intended purchaser, the notes were to be given back to him the minute he left there. Certainly this testimony warrants the conclusion that the notes were given to the defendant to be used merely in the event of the purchase of the car and that when the sale fell through, he had no right to use the notes for his own purposes, nor retain them against the demand of the maker. The defendant was merely to finance the deal if the purchase was made. The defendant lays great stress upon the answer of the prosecutor that the defendant was to take $25 a week for the car and that the notes were to be held by the defendant and discounted by him as director of a certain bank. If this stood alone it would settle the matter, but it is immediately followed by the assertion above referred to, that if the car was not satisfactory, there would be a return of the notes and it is evident that the arrangements about the use of the notes were contingent upon the purchase of the machine. When the deal fell through and the defendant refused to return the notes and converted the proceeds to his own use in fraud of the

prosecutor, he rendered himself amenable to the act above quoted. We are not concerned about the laws applying to commercial paper. Our only inquiry in this case is did the defendant violate the act. The law of contracts cannot be invoked to render lawful an act made criminal by the legislature. We have no question of an innocent purchaser for value. There was testimony in the case supporting defendant's contention, but it was for the jury to decide where the truth lay. It is the fraudulent withholding which constitutes the guilt of the defendant.

Complaint is made that the court in its charge gave no instruction as to the consideration to be given to the notes themselves in determining the relation of the parties. The answer to this is that the attention of the court was not called to this matter and the error, if such it be, was not basic.

The reasons urged before the lower court for the granting of a new trial were not such as required a favorable order. As pointed out by the learned judge, the testimony produced in support of the motion could have been obtained by due diligence and produced at the trial and much of it was immaterial.

All the assignments are overruled, the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.

DISSENTING OPINION BY KELLER, J.:

The defendant was charged with having fraudulently converted to his own use two promissory notes, belonging to Zentz, the prosecutor, contrary to the provisions of the Act of May 18, 1917, P. L. 241.

That he had received from the prosecutor two notes signed by the latter and endorsed by a third person, in connection with an automobile transaction, and had had them discounted, was undisputed. The important issue of fact in the case was whether the defendant was to hold the notes until the transaction was consummated, or, was entitled to have them discounted and use the proceeds. If the latter, he could not be convicted of the offense charged against him.

The prosecutor's testimony was indefinite and to some extent conflicting. He testified on cross-examination, in part, as follows: "Q. What did you give him the notes for? A. For the purchase of a 1918 Cadillac car. The Court: You mean, in the payment of it? A. The agreement was, your Honor, that Mr. Ryder was to take $25 a week, being payment for that car, and these notes were to be held by him, and he was to have them discounted as a director of the ——— National Bank. The Court: I mean, did you give the notes to pay him for the machine? A. Yes, sir. The agreement was if the machine was not perfectly satisfactory when I went down to see it I was to get my paper back the minute we left there, and Mr. Ryder never lived up to either promise."

Just what this testimony meant was for the jury, not the court. If the notes became Ryder's, or he had the right to discount them and use the proceeds, he could not be convicted of fraudulently converting them because he failed to return them or their proceeds, when the automobile subsequently proved unsatisfactory. The Act of 1917 does not cover such a situation: Com. v. Bixler, 79 Pa. Superior Ct. 295.

Nevertheless, the learned trial judge charged the jury as follows: "Mr. Zentz testified that Mr. Ryder, the defendant, told him his brother had a car up in New York State that could be bought, and that he gave him these two notes as security for the purchase money, to be paid at $25 a week, provided that he approved or accepted the car, and it was as represented. His wife corroborates

him in this.   At least, she says that they refused to take
the car and that Mr. Ryder showed her one of the notes
subsequently, and said that if they were not satisfied to
accept the car he would return both notes.   Now if you
find these to be the facts, and in the face of it that
Ryder used these notes, had them discounted, and used
the proceeds, he committed the offense charged in the in-
dictment."   This was all that was said in reference to
the Commonwealth's evidence.   He also charged the
jury: "You will consider all the testimony, and if you
find that these notes belonged to Mr. Zentz, that they
were not to be used by Mr. Ryder, not to be his property,
and that he has had them discounted, and appropriated
the proceeds to his own use, then you should convict
him."

In view of Zentz's own testimony that the notes were
given in payment of the automobile and that the defend-
ant was to have them discounted, the charge was not, in
my opinion, an adequate presentation of the evidence
and of the issues involved in the case.

I would sustain the second and third assignments of
error, reverse the judgment and order a new trial.