## Commonwealth *v.* Hillpot, Appellant.

*Criminal law—Conversion of automobiles — Evidence — Insufficiency—Act of May 18, 1917, P. L. 241.*

In the trial of an indictment under the provisions of the Act of May 18, 1917, P. L. 241, for the conversion of an automobile, a verdict of guilty will be reversed, where the evidence on the part of the Commonwealth fails to prove that the prosecutor ever acquired title to the machine, which was sold by the defendant.

In such case, the plaintiff's title was not sufficiently established, where it was claimed that they held the same under alleged leases, which lacked practically all of the essentials of such instruments, there being neither term, rent or agreement for the return of the property.

While the owner of a chattel may transfer the title thereto to the purchaser, and at the same time retain possession, where the rights of third parties are not concerned, such alleged transfer must be maintained by clear and adequate testimony. The statute was not intended to make criminal the act of one who sells his own property, and it is not to be so applied as to make it an effective substitute for an action at law in the collection of a debt.

Argued October 8, 1924. Appeal, No. 252, Oct. T., 1914, by defendant, from judgment of Q. S. Berks Co.,

Sept. Sessions, 1923, No. 166, on verdict of guilty in the case of Commonwealth of Pennsylvania v. J. D. Hillpot. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Indictment for fraudulent conversion of property under the Act of May 18, 1917, P. L. 241. Before MILLER, P. J., 38th Judicial District, specially presiding.

Motion to quash indictment.   Before BIDDLE, P. J., 9th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to quash the indictment.

*E. H. Deysher,* and with him *John B. Stevens,* for appellant.

*Harvey F. Heinley,* and with him *David F. Mauger,* District Attorney, for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The defendant was indicted under the provisions of the Act of May 18, 1917, P. L. 241, for the fraudulent conversion of property. A conviction was had on the second count of the indictment which charged him with the unlawful conversion and appropriation to his own use of a Maxwell sedan automobile, No. 413,128, belonging to the Reading Investment Company. The case turned on the sufficiency of the evidence to show that the latter company owned the automobile. The defendant was a member of a partnership engaged in the purchase and sale of automobiles under the firm name of Hillpot-Harding Motor Company. The Investment Company was a corporation financing persons engaged in the business of buying and selling automobiles. The partnership borrowed money from time to time from the

investment company and gave its notes therefor, payable monthly, with interest at the annual rate of twelve per cent as shown by the evidence.   The partnership had bought and had in its possession at its salesroom a considerable number of automobiles, one of which was the sedan referred to in the indictment.   The investment company claimed title to these automobiles and as evidence thereof presented at the trial certain papers described as leases for the respective automobiles, and also a letter of the Hillpot-Harding Company, signed by J. D. Hillpot, president, submitting a list of the automobiles described in the several leases and containing certain guaranties with reference to the appropriation of the proceeds of the sales of the vehicles.   There was also oral evidence of a statement made by the treasurer of the investment company to the defendant with reference to a "floor plan" according to which the investment company did business.   It was shown without contradiction that the sedan was bought by the partnership with money not obtained from the investment company and that it never was in the possession of that company.   The leases referred to purported to be from the investment company as lessor to the Hillpot-Harding Company, but the papers lacked practically all of the essentials of leases. There was neither term nor rent nor agreement for the return of the property stipulated for.   So far as relates to the Maxwell sedan the supposed lease was intended to show that the investment company was the owner of the car and that the Hillpot-Harding Company was the lessee, this for the purpose of making the partnership the bailee of the investment company.   A letter of June 18, 1923, was prepared by the investment company and signed by the president of the Hillpot-Harding Company apparently for the purpose of fortifying the titles supposed to be created by the leases and referring to the latter as the evidence of the investment company's title.   The learned trial judge was asked in behalf of the defendant to instruct the jury that neither

the alleged lease nor the letter of the Hillpot-Harding Company of June 18, 1923, vested title to the sedan in the investment company. This the court affirmed "as an abstract principle of law," but stated that it did not control the verdict in the case; that any other documentary evidence and the credible oral testimony were all to be considered by the jury. Without this qualification the case would have been taken from the jury for it was evident that the investment company had paid nothing for the car, had never obtained possession of it, and had no bill of sale showing title thereto. The device of the "lease" was not sufficient to transfer the title of the car to the investment company, nor did the letter purport to have any such effect. It was an attempt to obtain the security of the automobile without taking possession thereof or acquiring title thereto. The car was bought on June 16, 1923. The letter referred to was written two days thereafter. The sale complained of was made on June 26th of the same year. It is plain that no money was invested on the credit of this car; that it remained in possession of the partnership; and we do not find sufficient evidence in the case to show that the investment company acquired title thereto. The "floor plan" described by the treasurer of the investment company and the so-called leases offered in evidence disclosed an attempt to hold the obligations of the Hillpot-Harding Company and at the same time to have title to the property for the purchase of which the money was borrowed from the investment company, or acquired from other sources, by the firm, but it is obvious that the plan involved the management of the business by the partnership and the payment of the proceeds of the sales to the investment company to the extent of the loans it made. It may be conceded that the owner of a chattel may transfer the title thereto to the purchaser and at the same time retain possession where the rights of third parties are not concerned, but the convolutions of the automobile credit system require us to

hold that the titles alleged must be maintained by clear and adequate testimony. Whatever may have been the intention of the legislature in the enactment of the statute under which the indictment in this case was drawn, it was clearly not intended to make criminal the act of one who sells his own property, and it is not to be so applied as to make it an effective substitute for an action at law in the collection of a debt. A consideration of the whole case satisfies us that the Commonwealth failed to establish a title to the sedan in question in the investment company and the defendant was therefore entitled to instructions to the jury to that effect.

It is unnecessary to consider the other assignments. They relate to the sufficiency of the indictment and the competency of evidence. The 4th, 5th, and 12th assignments of error are affirmed.

The judgment is reversed and the defendant discharged from his recognizance.