Commonwealth, Appellant, *v.* Wooden.

Argued November 12, 1928.

Before HENDERSON, TREX-LER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*John R. Keister*, District Attorney, and with him *Fred B. Trescher*, Assistant District Attorney, for appellant.

*Charles C. Crowell*, and with him *Daniel Van Buren Crowell* and *Howard H. Whitehead*, for appellee.

OPINION BY GAWTHROP, J., November 22, 1928:

The Commonwealth brings these sixteen appeals from an order of the Court of Quarter Sessions of Westmoreland County, quashing sixteen separate indictments drawn under the Act of May 18, 1917, P. L. 241, entitled "An Act making the fraudulent conversion of property or the proceeds of property a misdemeanor," etc., charging the defendant with fraudulent conversion of the proceeds of sixteen auto-

mobiles. The material part of the charge in each bill is as follows: "That W. H. Wooden did, unlawfully having received and having in his possession as president of the Scottdale Motor Car Company in the Borough of Scottdale, County of Westmoreland, and State of Penna., one model 1926, 26 Buick Standard sedan, frame No. 1407214, of the value of fourteen hundred sixty and no/100 ($1,460) dollars, said Buick sedan being the property of the Scottdale Trust Company, and which the Scottdale Trust Company was entitled to receive and have, and did sell the said Buick sedan and did fraudulently withhold, convert and apply the proceeds and any part thereof, derived from the sale of the said Buick sedan to and for his own use and benefit and to and for the use and benefit of another person, contrary to the form of the Act of the General Assembly," etc. The ground upon which the court below quashed the indictments was that they charge fraudulent conversion by an officer or agent of a corporation and not conversion by an individual, and that a charge of fraudulent conversion by an officer or agent of a corporation will not lie under the Act of 1917. Section 1 of that act provides as follows: "Any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other person, firm, or corporation, or which any other person, firm, or corporation is entitled to receive and have, who fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, shall be guilty of a misdemeanor, etc." We have no diffi- culty in concluding that these indictments are sufficient to charge the crime defined in this act. They charge the offense substantially in the language of that act.

The Criminal Procedure Act of March 31, 1860, P. L. 427, provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting it. Since that day the trend of the decisions of our Supreme Court has been toward sustaining an indictment as good in substance, if the charge be stated with such certainty that the defendant may know what he is called upon to answer, and the court may know how to render the proper judgment thereon. Criminal pleading is no longer the technical thing it once was and courts look more to substantial justice than to artificial nicety: Com. v. Romesburg, 91 Pa. Superior Ct. 559; Com. v. Norris, 87 Pa. Superior Ct. 61; Com. v. Keenan and Clark, 67 Pa. 203.

By the terms of the Act of 1917 fraudulent conversion may be committed by a person receiving or having possession of the property *in any capacity*. Its second section provides that the offense specified in the act may be joined in the same bill of indictment with any other felony or misdemeanor arising out of the same transaction. Its third section provides that it is the intent of the act to define and punish a distinct and separate misdemeanor. The manifest purpose of the act was to punish acts of fraudulent conversion of property which were not indictable under prior statutes.

Counsel for the appellee contend that if the Act of 1917 be held to apply to a fraudulent conversion by one receiving the property in his capacity as an officer of a corporation, then section 116 of the Act of 1860, P. L. 411, as amended by the Act of 1878, P. L. 196, and the Act of 1917, provide for the punishment of precisely the same offenses. The court took that view. We cannot adopt it.

Section 116 of the Act of 1860, as amended by the Act of 1878, provides: "If any person, being an of-

ficer, director, superintendent, manager, receiver, employee, agent, attorney, broker, or member of any bank or other body corporate, or public company, municipal or quasi municipal corporation, shall fraudulently take, convert or apply to his own use, or the use of any other person, any of the money or other property of such bank, body corporate or company, municipal or quasi municipal corporation, or belonging to any person or persons, corporation or association, and deposited therein, or in possession thereof, he shall be guilty of a misdemeanor." It is true that under this act an officer or an employee of a corporation may be indicted for the fraudulent conversion of property belonging to any person or corporation, deposited in or in the possession of, the corporation of which he is an officer or employee. It will be noted that an essential element of the offense punishable under this act is possession of the property by the corporation of which the converter is an officer or employee. Possession of property by an officer or employee is not necessarily a possession by the corporation. But, under the Act of 1917, possession by the corporation of the property converted is not an essential element of the offense when one of its officers or employees is charged with fraudulently converting property received by him as an officer or employee of that corporation. Under that act possession by one as an individual or in any capacity is sufficient. The fact that one is chargeable under the Act of 1878 does not prevent his being charged under the Act of 1917. It is common practice to indict for the same act of conversion under both statutes. This was done in Com. v. MacDonald, 74 Pa. Superior Ct. 357, and so far as we know the practice has never been questioned. In our opinion it is proper. The question whether these indictments charge the defendant with the commission of the crime as an individual or as president of the Scottdale Motor Car Company is unimportant. The dis-

trict attorney aptly states: "The act of conversion is the gravamen of the offense, not the how, when and in what capacity he (defendant) receives and possesses it (the property) prior to the crime." For these reasons, we are constrained to hold that the court below fell into error in quashing the indictments.

The order is reversed, the indictments are reinstated and the record is remitted to the court below with a procedendo.