### Com. *v.* Drass, Appellant.

Argued October 30, 1933.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*John Duggan, Jr.*, and with him *John Woodcock*,
for appellant.

*Richard H. Gilbert*, District Attorney, for appellee.

Opinion by Trexler, P. J., February 1, 1934:

The defendant was tried and convicted upon four
indictments, each of them charging fraudulent conver-
sion, the fourth having an additional count charging
conversion by agent. As usual, no reference was made
to any particular act of assembly. There was no ques-
tion as to the guilt of the defendant. He tries to
upset the just verdict by a purely technical argument

and necessarily the position we must assume is that we will allow the judgments to stand unless no other course is open to us.

The question raised by the appellant is whether the defendant should have been indicted under Section 114 of the Act of March 31, 1860, P. L. 410, instead of under the Act of May 8, 1917, P. L. 241. Defendant claims that the testimony in the case shows that he was the agent of the parties defrauded and that the fraudulent conversion of money of another by an agent is covered by the above 114th section and does not come within the Act of May 8, 1917, supra.

Assuming, for the present, that the testimony does show agency, we nevertheless think that the charges were properly laid under the Act of 1917. The 114th section of the Criminal Code provides: "If any person being ...... agent, and being entrusted, for safe custody, with the property of any other person, shall, with intent to defraud, sell, negotiate, transfer, pledge, or in any manner convert or appropriate to or for his own use, or the use of any other person, such property, or any part thereof, he shall be guilty of a misdemeanor."

The Act of 1917, supra, provides: "That any person having received or having possession, *in any capacity* or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other person, firm, or corporation, or which any other person, firm, or corporation is entitled to receive and have, who fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit ...... shall be guilty of a misdemeanor.'

The second section provides that: "The offense specified in this act may be joined in the same bill of

indictment with any other felony or misdemeanor arising out of the same transaction.''

The third section which forms the major basis of appellant's argument provides: "It is the true intent and meaning of this act to define and punish a distinct and separate misdemeanor; and this act shall, in no wise, repeal or alter any statute relating to any felony or misdemeanor heretofore defined and punished by the laws of this Commonwealth.''

The facts elicited clearly bring the defendant under the provisions of the Act of 1917. We need not inquire as to whether he got the money as agent, broker, banker, or any other way; the fact that he received the money of others and fraudulently converted and applied it to his own use brings him under the Act.

In Com. v. Wooden, 94 Pa. Superior Ct. 452, we held, speaking through Judge GAWTHROP, that under the Act of 1917, supra: "Possession by one as an individual or in any capacity is sufficient.'' In that case the defendant was indictible under Section 116 of the Criminal Code as amended by the Act of 1878, P. L. 196, for fraudulent conversion as an officer of a corporation. Notwithstanding this, we held that it did not prevent his being charged under the Act of 1917. We further stated: "It is common practice to indict for the same act of conversion under both statutes. This was done in Com. v. MacDonald, 74 Pa. Superior Ct. 357, and so far as we know the practice has never been questioned. In our opinion it is proper. The question whether these indictments charge the defendant with the commission of the crime as an individual or as president of the Scottdale Motor Car Company is unimportant. The district attorney aptly states: 'The act of conversion is the gravamen of the offense, not the how, when and in what capacity he (defendant) receives and possesses it (the property) prior to the crime.' ''

Considering the case from another angle, in order

to support the argument of the appellant, it must appear by the testimony in the case that the defendant was in fact the agent of the parties defrauded. A careful reading of the testimony discloses that this is not the case. For example, under one of the indictments the testimony shows that the defendant received $600 to give to one who had executed the bond and mortgage. The mortgagor paid the interest and subsequently the principal to the defendant who retained and converted it fraudulently to his own use. This statement of facts does not prove agency as it does not appear that the mortgagee authorized the defendant to receive the principal, nor was he agent of the mortgagor within the meaning of the 114th section of the Criminal Code. The section was certainly not intended to apply to every transaction where someone did some act for another involving the temporary possession of money or other property.

This court in Com. v. Lettieri, 63 Pa. Superior Ct. 532, held that the term "agent" in said section meant that one must be authorized to perform acts of similar character successively as the representative of another. When he is engaged to perform a single act for another, he is not such an agent as the act contemplates. If the defendant had been charged under Section 114 of the Act of 1860, no doubt the question would have been raised whether he was really an agent and it might have been argued that he should have been indicted under the Act of 1917. It was to avoid the drawing of such fine distinctions which, no doubt, induced the passing of the latter act so that the fraudulent conversion could be punished irrespective of the capacity in which the defendant received the property. Section 3 of the Act of 1917, above quoted was never intended to exclude from its application the particular classes of individuals covered by the several sections of the Act of 1860. It was to provide a definite and separate misdemeanor applying to anyone who fraud-

380

ulently converted the property of another, but it also left the provisions of the Criminal Code still operative.

We know of no principle of law that prevents such legislature. We are all of the opinion that the judgments should be affirmed.

As we have already observed, one of the indictments in one count charges fraudulent conversion as agent and without any explanation it might be assumed that the above discussion is useless as the sentences imposed were concurrent and the defendant would gain nothing by the appeal even if he were successful in setting aside the sentences on the other indictments, as the verdict of guilty on the one indictment would sustain the sentence. The answer to this is that the punishment under the Act of 1860 for fraudulent conversion by an agent is limited to a maximum of two years, while in the present case, a maximum of five years was imposed.

We direct the following order to be entered in each case. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.