Commonwealth *v.* Mitchneck, Appellant.

Argued March 7, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

434

*Henry Thalenfeld,* with him *Francis E. Gibbons, H. H. Weintraub,* and *Conway Dickson,* for appellant.

*Hervey B. Smith,* with him *Harold G. Teel,* District Attorney, for appellee.

OPINION BY KELLER, P. J., April 13, 1938:

The appellant was convicted of the offense of fraudulently converting the money of another person to his own use, contrary to the provisions of the Act of May 18, 1917, P. L. 241.[1]

The evidence produced on the part of the Commonwealth would have warranted the jury in finding that the defendant, Mitchneck, operated a coal mine in Beaver Township, Columbia County; that he employed certain persons, Hunsinger, Derr, Steeley, and others, as workers in and about his mine; that these employees dealt at the store of A. Vagnoni and signed orders directing their employer to deduct from their wages the amounts of their respective store bills and pay the same to Vagnoni; that the defendant agreed to do so, and pursuant to said agreement deducted from the wages due the eleven workmen named in the indictment, an aggregate of $259.26, which he agreed to pay Vagnoni, but had failed and neglected to do so.

---

[1] "Section 1. Be it enacted, &c., That any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other person, firm, or corporation, or which any other person, firm, or corporation is entitled to receive and have, who fraudulently withholds, converts, or applies

We are of opinion that this evidence was insufficient to support a conviction under the Fraudulent Conversion Act of 1917, and that the court erred in refusing the defendant's point for a directed verdict of acquittal.

The gist of the offense of fraudulent conversion is that the defendant has received into his possession the money or property of another person, firm or corporation, and fraudulently withholds, converts or applies the same to or for his own use and benefit, or to the use and benefit of any person other than the one to whom the money or property belonged. If the property so withheld or applied to the defendant's use and benefit, etc., did not belong to some other person, etc., but was the defendant's own money or property, even though obtained by borrowing the money *(Com. v. Bixler,* 79 Pa. Superior Ct. 295), or by a purchase on credit of the property *(Com. v. Hillpot,* 84 Pa. Superior Ct. 454; *Com. v. Overheim,* 106 Pa. Superior Ct. 424, 162 A. 475), the offense has not been committed. "Whatever may have been the intention of the legislature in the enactment of the statute under which the indictment in this case was drawn, it was clearly not intended to make criminal the act of one who sells his own property, and it is not to be so applied as to make it an effective substitute for an action at law in the collection of a debt": *Com. v. Hillpot,* supra, p. 458.

We said in *Com. v. Overheim,* supra, p. 427, "The Act of May 18, 1917, makes the fraudulent conversion of property a misdemeanor, but it is essential that the property at the time of sale or conversion shall have be-

the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, shall be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine not exceeding one thousand dollars, and to undergo an imprisonment not exceeding five years, or either or both, in the discretion of the court."

longed to another: *Com. v. Bixler*, 79 Pa. Superior Ct. 295." The words of the statute, "money or property ......which any other person, firm or corporation is entitled to receive and have", does not refer to money *owing* another, but to money or property the title to and ownership of which is in another; it is another form of expressing money or property belonging to another.

The defendant in the present case had not received, nor did he have in his possession, any money *belonging* to his employees. True he owed them money, but that did not transfer to them the title to and ownership of the money. His deduction from their wages of the amounts of the store bills which they had assigned to Vagnoni, did not change the title and ownership of the money thus withheld, nor did his agreement to pay to Vagnoni the amounts thus deducted constitute the latter the owner of the money. It effected only a change of creditors. The money, if Mitchneck actually had it, of which there was no proof, was still his own, but, after he accepted the assignments, he owed the amount due his employees to Vagnoni instead of to them. A novation had been effected. The defendant had been discharged of his liability to his employees by contracting a new obligation in favor of Vagnoni. But failure to pay the amount due the new creditor was not fraudulent conversion within the act of 1917. Otherwise it would be a very dangerous thing to agree to a novation. Defendant's liability for the unpaid wages due his employees, was, and remained, civil, not criminal. His liability for the amount due Vagnoni after his agreement to accept or honor the assignments of his employees' wages was likewise civil and not criminal.

The second assignment of error, as amended, (See supplemental brief of appellant) is sustained. The judgment is reversed and the appellant is discharged.