Opinion by
 

 Heller, P. J.,
 

 The appellant Mary Willstein, also known as Mary Orzechowska, was indicted under section 884 of the Penal Code (Act of June 24, 1939, P. L. 872) for the fraudulent conversion of a judgment note for $200 and $1,600 in money. She was found guilty, and was ordered released (on payment of costs) on probation for a period of two years, during which time sentence was suspended. See
 
 Com. ex rel. Paige v. Smith, Warden,
 
 130 Pa. Superior Ct. 536, 543, 198 A. 812.
 

 Section 834 of the Penal Code is a re-enactment of the Act of May 18, 1917, P. L. 241, with practically no change except that the new act makes it a felony instead of a misdemeanor.
 

 The decisions under the Act of 1917 are therefore applicable to section 834 of the Penal Code.
 

 The testimony of the prosecutor, William J. Gorniak, was to the effect that he had assigned a judgment for $2,800 duly entered in Allegheny County, which he held against one Joseph Kujawa, to the defendant for the purpose of collecting it for him, she having represented that she was in a position to collect it He was fully
 
 *359
 
 corroborated by his attorney, John M. Gallagher, who drew the assignment and in whose office it was signed and delivered. He testified that he was present when it was signed by the prosecutor, and delivered to the defendant; and that she then said that whatever she collected was to be turned over to Gorniak. The defendant gave a different version of the matter, but the verdict of the jury settled the issue of fact against her:
 
 Com. v.
 
 Spear, 73 Pa. Superior Ct. 205, 207. It was proved that she had received from Kujawa $1,600 in money, which she retained and refused to pay over to Gorniak, the prosecutor.
 

 If the jury believed the evidence of the Commonwealth, as they evidently did, a case of fraudulent conversion within the statute was made out, for in that event the defendant had fraudulently withheld and converted to her own use $1,600 paid to her in settlement of the judgment, which had been assigned to her for the purpose of collecting it from the judgment debtor.
 

 The case bears no likeness to the cases relied on by the appellant. In Com.
 
 v.
 
 Bixler, 79 Pa. Superior Ct. 295, money was lent to the defendant, which he failed to pay as promised. In
 
 Com v. Overheim,
 
 106 Pa. Superior Ct. 424, 162 A. 475, the prosecutor delivered to the defendant his used car as part payment for a new automobile, which the latter was to order for him, but which he failed to deliver. The purchaser intended to pass the title and ownership of the used car to the dealer. In
 
 Com. v. Mitchneck,
 
 130 Pa. Superior Ct. 433, 198 A. 463, the defendant, who owed the prosecutor some money for wages, agreed to pay it to a creditor of the prosecutor, but failed to do so. The arrangement amounted to nothing more than a change of creditors. The money in that case was the defendant’s own money and it never was or became the money or property of the prosecutor. A defendant cannot be convicted of the fraudulent conversion of money or property, where he had title and ownership to the money or property
 
 *360
 
 alleged to have been converted. But if
 
 title
 
 was conveyed to him solely for the purpose of collection or sale, for the benefit of another, who retained the
 
 ownership,
 
 he can.
 

 The case is rather ruled by the decisions in
 
 Com. v. MacDonald, 74
 
 Pa. Superior Ct. 357;
 
 Com. v. Vis,
 
 81 Pa. Superior Ct. 384;
 
 Com. v. Gilliam,
 
 82 Pa. Superior Ct. 75;
 
 Com. v. Ryder,
 
 80 Pa. Superior Ct. 452;
 
 Com. v. Wooden,
 
 94 Pa. Superior Ct. 452;
 
 Com. v. Drass,
 
 111 Pa. Superior Ct. 375, 170 A. 706;
 
 Com. v. Winegrad,
 
 119 Pa. Superior Ct. 78, 180 A. 160.
 

 The appellant contends that the assignment to her of the judgment, being absolute on its face, made her the owner and thereby prevented her prosecution for fraudulent conversion. It is always possible in this State to show by parol evidence that a judgment was confessed as collateral security, or that a transfer or assignment of personal property, including a judgment or mortgage, absolute on its face, was delivered as collateral security, or for collection, etc. It is done every day in banks’ and broker’s offices. To hold otherwise would disrupt business as ordinarily carried on. To require the full transaction to be set out in the assignment or transfer would often defeat its purpose, and hence would not be expected to be embodied in it. The rule is the same as to the establishment of a trust as to personal property by parol:
 
 Gritz v. Gritz,
 
 336 Pa. 161, 164, 7 A. 2d 1;
 
 Smith’s Est.,
 
 144 Pa. 428, 436, 22 A. 916. The evidence produced by the Commonwealth was sufficient to meet the requirements necessary to establish that the assignment was only for collection.
 

 On this point Professor Wigmore in his standard work on Evidence, says: “When a document of transfer of property is absolute in its terms, may an extrinsic contemporary agreement to
 
 hold the property as security only
 
 be established? This question has generally been answered in the affirmative; though in one or two jurisdictions the contrary view is maintained......The act
 
 *361
 
 of transfer and the user of the property transferred are distinct legal ideas; or, pnt still differently, the kind of estate — according to the categories of fee simple, life estate, and the like — is a different thing from the quality of the estate,
 
 i.e.
 
 trust or security. The simple question is, then, whether the parties, under all the circumstances, appear to have intended the document to cover merely the kind of estate transferred, or to cover all possible aspects of the transfer, including that of the quality of the estate......By the same reasoning is to be determined the question whether an extrinsic
 
 agreement to hold in trust
 
 can be established. So far as the present rule is concerned, there would seem to be no objection; and this would be so also for agreements equivalent to a trust, for example, an agreement to re-convey on demand.” (Yol. IX, § 2437).
 

 The principle laid down in
 
 Gianni v. Russell & Co.,
 
 281 Pa. 320, 126 A. 791, has no application. This was not an agreement signed by both parties, showing on its face an intention to include all matters germane to the subject under consideration:
 
 Howell v. Wheelock,
 
 115 Pa. Superior Ct. 599, 602-3, 176 A. 252. Nor do the cases relating to negotiable paper, which prevent a party from setting up a defense by parol that would destroy the negotiable character of the paper in the hands of a holder for value (See
 
 Speier v. Michelson,
 
 303 Pa. 66, 154 A. 127;
 
 First Natl. Bank of Hooversville v. Sagerson,
 
 283 Pa. 406, 129 A. 333, and similar cases) apply. And yet between the
 
 original parties
 
 to a negotiable promissory note, it is always competent to prove by parol that the maker signed the note for the accommodation of the payee and is not liable to him for its payment.
 
 Peale v. Addicks,
 
 174 Pa. 543, 548, 34 A. 201;
 
 Vondersmith v. Sulllenberger,
 
 106 Pa. Superior Ct. 372, 375, 376, 163 A. 76;
 
 Hess v. Gower,
 
 139 Pa. Superior Ct. 405, 408. 409, 11 A. 2d 787;
 
 Breneman v. Furniss,
 
 90 Pa. 186, 189.
 

 
 *362
 
 The statement of question involved, as stated by tbe appellant, was:
 

 “Can an assignee be found guilty of the crime of fraudulent conversion for retaining money collected by means of a judgment of record, which judgment had been assigned of record to the assignee in her own name, by testimony showing that at the time the absolute assignment was executed it was
 
 orally
 
 agreed that the assignee was to be merely an agent for collection of the assignor?”
 

 In view of the foregoing discussion, we are of opinion that the court below was correct in ruling that she could.
 

 Judgment affirmed.