## Commonwealth v. Dewhirst

*Richard A. McConnel* and *J. Wilmer Martin*, Assistant District Attorney, for Commonwealth.

*A. G. Helbling*, for defendant.

SOHN, J., February 7, 1948.—Carl C. Dewhirst was tried and found guilty by a jury on a charge of fraudulent conversion. On May 8, 1946, Carl C. Dewhirst entered into an agreement with David Nahas and Mary M. Nahas, his wife, for the erection of a building

on their property in Vanport, in this county. Under the agreement, the owners agreed to pay $4,500 for the work. Installments were to be paid each Friday upon estimates as the work progressed. This provision in the contract was not followed, and the owners from time to time paid sums of money to defendant. The agreement provided that the owners were to furnish necessary permits. After the contractor started the work, difficulty was encountered in securing a permit from the United States Government. It was defendant's contention that he expended in the construction of the building all the money he received from the owners. He also contended that he was unable to finish the work because permits were not issued by the Federal Government. It is admitted that the building was not completed. The theory of the Commonwealth is that from time to time, as work progressed, defendant went to the owners and informed them that he needed money for the purpose of purchasing particular materials to go into the building. And although the sums of money were advanced for such particular purposes, the materials were not furnished.

Counsel for defendant filed a motion for a new trial and a motion in arrest of judgment, assigning as reasons therefor (1) that the verdict was contrary to law; (2) there is not sufficient evidence to establish the guilt of defendant beyond a reasonable doubt; (3) the court erred in overruling defendant's demurrer, and (4) the court erred in refusing defendant's request for special charge. Thereafter, defendant filed additional reasons in support of the motion for a new trial. These reasons are 14 in number, and will be discussed in this opinion.

The fundamental question in the case is whether the testimony offered by the Commonwealth was sufficient to support a verdict of guilty to the charge of fraudulent conversion.

The Penal Code of June 24, 1939, P. L. 872, sec. 834, 18 PS §4834, provides as follows:

"Whoever, having received or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own, use and benefit, or to and for the use and benefit of any other person, is guilty of a felony."

Defendant contends that the money he received was due under a contract and he was legally justified in retaining it. The Commonwealth contends that this money was delivered for the specific purpose of securing certain materials necessary to proceed with the construction of the building, after defendant had stopped work on the job and defendant failed to procure the specific materials and thereby he can be held to answer to a charge of fraudulent conversion. In Pearl Assurance Company, Ltd., v. National Insurance Agency, Inc., et al., 151 Pa. Superior Ct. 146, President Judge Keller, in discussing fraudulent conversion, said:

"By the Act of May 18, 1917, P. L. 241, it was provided 'that any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property . . . of or belonging to any other person, firm or corporation, or which any other person, firm or corporation is entitled to receive and have, who fraudulently withholds, converts or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, shall be guilty of a misdemeanor', etc. Commonly known as fraudulent conversion, it is

not confined to cases of conversion following a suppositious finding, or trover, and hence is not limited to cases where the duty rested on the defendant to deliver to the owner the identical property, coin, banknotes, etc., which he received. It applies as well to cases where property, securities, etc., were placed with the defendant with authority to deliver or dispose of them and collect or receive the proceeds for the owner, and he fraudulently withholds, converts or misapplies the property or the proceeds derived from the sale or other disposition thereof.

"It was designed to cover those border line cases between embezzlement and larceny by bailee, where the faithless agent or custodian sometimes escaped his just deserts on the ground that his actions were only a breach of trust for which he was not responsible by criminal prosecution, or even by civil action except in assumpsit.

"Thereafter, it was a public wrong, a misdemeanor, fraudulently to withhold, convert to one's use or the use of another, or misapply money or property, or the proceeds of property, belonging to another, which had been lawfully received by, or which had come lawfully into the possession of, the defendant; and being such, it was also a civil wrong, delict, or tort against the party specially or particularly injured thereby, whose property had thus been wrongfully withheld, converted or misapplied, for which damages could be recovered in an action of 'trespass'.

· · · · · · · · ·

"In construing the Act of 1917, supra, we pointed out that it was essential that the money or property so fraudulently withheld or converted by the defendant must have belonged to the party so injured. It did not apply to one who borrowed money, even though he may have had no intention of paying the loan, for by the act of lending, the money became the property of the

borrower—'the defendant did not receive any money or goods which belonged to any person other than himself': Com. v. Bixler, 79 Pa. Superior Ct. 295; nor to articles or property transferred to the defendant with the purpose, and intent of passing to him the property and title: Com. v. Overheim, 106 Pa. Superior Ct. 424, 427, 162 A. 475; nor is it to be applied as a means of collecting a mere debt: Com. v. Hillpot, 84 Pa. Superior Ct. 454, 458; nor to the assignment of a debt: Com. v. Mitchneck, 130 Pa. Superior Ct. 433, 198 A. 463. It does apply, however, where money, securities, or property belonging to A are entrusted to the defendant to deliver to B, or to sell or dispose of the same, and to collect and pay the money received or the net proceeds arising from such sale or disposal to A, instead he fraudulently applies the same to his own use; of which the following cases are examples: Com. v. Spear, 73 Pa. Superior Ct. 205; Com. v. McDonald, 74 Pa. Superior Ct. 357, 360; Com. v. Ryder, 80 Pa. Superior Ct. 452; Com. v. Vis, 81 Pa. Superior Ct. 384; Com. v. Gilliam, 82 Pa. Superior Ct. 75; Com. v. Wooden, 94 Pa. Superior Ct. 452; Com. v. Barnes, 107 Pa. Superior Ct. 46, 162 A. 670; Com. v. Drass, 111 Pa. Superior Ct. 375, 170 A. 706; Com. v. Willstein, 146 Pa. Superior Ct. 357, 22 A. 2d 613."

In Commonwealth v. MacDonald, 74 Pa. Superior Ct. 357, defendant, as agent for a corporation, was entrusted with certain money and charged with converting and appropriating it to his own use. Judge Porter, in the opinion, said:

"The oral evidence, however, clearly established that it was all the time understood between the parties that MacDonald did not own the property, that the corporation paid him the money from time to time as he requested, with the understanding that he was using the money thus paid for the purpose of procuring the property for the corporation, and that he represented that the negotiations were proceeding favorably and

that there would be no question about his procuring for them a title to the property.

. . . . . . . . .

"It was sufficient to show that he had received the money for the purpose of procuring the conveyance of the property to the corporation, and that he fraudulently withheld and applied the same to and for his own use and benefit. The court properly refused binding instructions in favor of the defendant."

We are of the opinion that the fact situation in the instant case is similar to that in Commonwealth v. MacDonald, supra. In the instant case, if the parties had followed the contract and prosecutors had paid out money, from time to time, under the contract, there would of course be no fraudulent conversion. However, the situation here is different. Progress on the construction had stopped. The owners were urging defendant to proceed with the work. He represented to them that he needed more money for specific materials and upon receipt of the materials, he would proceed with the work. He received the money, but failed to secure the materials. This, in our opinion, constituted fraudulent conversion.

In Commonwealth v. Ryder, 80 Pa. Superior Ct. 452, Judge Trexler said:

"Certainly this testimony warrants the conclusion that the notes were given to the defendant to be used merely in the event of the purchase of the car and that when the sale fell through, he had no right to use the notes for his own purposes, nor retain them against the demand of the maker. The defendant was merely to finance the deal if the purchase was made. The defendant lays great stress upon the answer of the prosecutor that the defendant was to take $25 a week for the car and that the notes were to be held by the defendant and discounted by him as director of a certain bank. If this stood alone it would settle the matter,

but it is immediately followed by the assertion above referred to, that if the car was not satisfactory, there would be a return of the notes and it is evident that the arrangements about the use of the notes were contingent upon the purchase of the machine. When the deal fell through and the defendant refused to return the notes and converted the proceeds to his own use in fraud of the prosecutor, he rendered himself amenable to the act above quoted."

The testimony offered by the Commonwealth in the instant case warrants the conclusion that the money was given to defendant specifically for the purchase of particular materials. His failure to furnish such materials would bring his conduct within the provisions of the act. Defendant did not offer testimony to show that the money was expended on defendant's property.

In Commonwealth v. Mitchneck, 130 Pa. Superior Ct. 433, President Judge Keller said:

"The gist of the offense of fraudulent conversion is that the defendant has received into his possession the money or property of another person, firm or corporation, and fraudulently withholds, converts or applies the same to or for his own use and benefit, or to the use and benefit of any person other than the one to whom the money or property belonged."

In Commonwealth v. Schuster, 158 Pa. Superior Ct. 164, Judge Reno discusses fraudulent conversion as follows:

"The gravamen of the offense of fraudulent conversion is the withholding of the property of another with the intent to defraud that other, or to deprive him of the use and benefit of his property and to convert or apply the same to defendant's own use or benefit as against the owner. Penal Code of June 24, 1939, P. L. 872, Section 834, 18 PS section 4834; Com. v. Kniel, 150 Pa. Superior Ct. 290, 28 A. 2d 326. The prosecution is properly brought against one who has received

property in any capacity and afterwards fraudulently misapplies it, even though an indictment for a different statutory offense would have been proper under the circumstances. Com. v. Drass, 111 Pa. Superior Ct. 375, 170 A. 706. While a conviction cannot be had where the owner transfers property to the defendant with the intention of parting both with technical legal title and with all his beneficial interest, Com. v. Overheim, 106 Pa. Superior Ct. 424, 162 A. 475, where, as here, title is transferred to the defendant merely for purposes of sale, there is a criminal responsibility under the statute for a fraudulent appropriation of the property by defendant for his own use or benefit. Com. v. Willstein, 146 Pa. Superior Ct. 357, 22 A. 2d 613. Ordinarily, where defendant has come into possession of property lawfully, evidence of a demand and a refusal to redeliver is essential to complete the proof of a conversion, Com. v. Winegrad, 119 Pa. Superior Ct. 78, 180 A. 160, but the absence of a demand is not controlling where the element of actual misapplication is made out by other evidence. Com. v. Neuman, 151 Pa. Superior Ct. 642, 30 A. 2d 698; Com. v. Syren, 150 Pa. Superior Ct. 32, 27 A. 2d 504; Com. v. Heckman, 113 Pa. Superior Ct. 70, 172 A. 28."

The statute makes it a felony if anyone having received or having possession in any capacity, or by any means or manner of any money or property . . . belonging to any other person . . . fraudulently withholds, converts or applies the same or any part thereof . . . to and for his own use and benefit. The testimony offered in this case by the Commonwealth indicates that on five occasions defendant secured from the prosecutors, money for particular purposes as follows: $300 for lumber; $1,000 for beams; $500 for sheathing; $500 for sheet rock, and $343 for lumber. The testimony offered indicates that after defendant had stopped virtually all work on the building, the sums mentioned were advanced by prosecutors to defendant because defendant claimed he was unable to proceed

with the work until he had the specified amount of money to purchase the articles which he said were needed to continue with the work on the building. It seems to us that this is a different situation from advances being made by defendant under the contract, from time to time, as the work progressed. The parties had a written contract for the erection of the building. The contract provided for payments each Friday upon estimates to be furnished by the contractor. This provision in the contract was not complied with, and from the testimony offered by the Commonwealth, it would seem that work had practically ceased when, upon the complaint of the owners, the contractor told them that he could not proceed unless certain sums of money were advanced by them for the purpose of purchasing particular materials and defendant would then proceed with the work. Testimony offered by the Commonwealth indicates that on many occasions after paying the money, they requested the contractor to proceed with the work or return the money. This situation, we believe, takes the case out of the classification of a civil action based on payments made by the owners from time to time on account of work done. It is the opposite. Work had ceased and the payments, according to the evidence submitted by the Commonwealth, were for the specific purpose of enabling defendant to proceed with the work, and on each occasion he failed to secure the materials and bring them to the building or proceed with the work. If, as we conclude, the testimony offered by the Commonwealth was such as to sustain a charge of fraudulent conversion, then a question of fact was raised, and this question should have been submitted to the jury.

Defendant's first three reasons for a new trial and in support of his motion for arrest of judgment must therefore be dismissed. Defendant's fourth reason originally assigned, is that the court erred in refusing the request of defendant for a special charge to the

jury. At the conclusion of the charge, upon inquiry by the court, counsel for defendant requested the court to charge the jury particularly as to the intention to convert with relation to the time when money was delivered to defendant. We thereupon said to the jury "Fraudulent intent which you must find in order to sustain a verdict must take place at the time the money is delivered". Counsel thereupon insisted that we instruct the jury particularly as to the situation if a conversion took place because of circumstances thereafter arising. We believe we were right in this refusal. As a matter of fact, the special instruction given the jury upon careful consideration, after trial, was much more favorable to the defendant than he had any right to request because we now believe that it was not necessary for the fraudulent intent to exist at the time the money was delivered.

Defendant's additional reasons 1, 2, 3 and 4 refer to motions by counsel for the defendant to withdraw a juror and continue the case, which motions were refused. We have carefully read the record in this case and from the record and our observation upon the trial, we feel that these motions are properly denied.

Defendant's fifth reason complains of one sentence in the charge of the court which was from an appellate court opinion, wherein we said in part: "The offense may be committed by any person who has obtained possession of money or goods by any means or through any manner or capacity". This statement standing alone would be error. However, upon reading the entire charge, we are satisfied that the jury was left under no misapprehension as to the elements of fraudulent conversion and the necessity of proof of fraudulent intent. We believe the entire charge was as favorable to defendant as he had a right to request.

Counsel for defendant contends that we did not properly charge the jury on the question of intent. We said in part "there can be no conviction of fraudu-

lent conversion unless defendant had a fraudulent and criminal intent. The mere withholding of the property of another, though not a fraudulent withholding, will not render the defendant guilty. Now if there are any circumstances from which a fraudulent conversion may be inferred, the intent is implied, but unless you infer from the circumstances that a fraudulent intent did exist there can be no conviction". At the conclusion of the charge, upon the request of counsel for defendant, we said to the jury "fraudulent intent which you must find in order to sustain a verdict must take place at the time the money is delivered". This part of the charge, as we had indicated, was more favorable to defendant than he had any right to request. Defendant's complaint as to this portion of the charge is not well taken.

Defendant, in his seventh point, contends that the record shows that the money was paid on account of the written contract, whereupon title passed to him and therefore the Commonwealth failed to make out a case. This point is answered by our discussion in the opinion.

Defendant's eighth and ninth points raise the question of variance between the allegation in the information and the indictment and the proof. Defendant is charged in the information and indictment with having received $5,296. The proof is that $3,143 was paid. The testimony offered by the Commonwealth, if believed, shows the payment by the prosecutors of five different sums of money on five different occasions. If the charge of fraudulent conversion can be sustained, as to any one of these payments, it is immaterial that the proof does not show the full sum of $5,296: Commonwealth v. Winegrad, 119 Pa. Superior Ct. 78; Commonwealth v. Haimbach, 151 Pa. Superior Ct. 581.

Defendant's tenth point is that the money was paid to defendant as an advancement on a contract. The testimony offered would indicate that the five sums of

money mentioned were advanced for specific purposes, which purposes were not fulfilled.

Defendant's eleventh and twelfth points are that no permit was secured by the prosecutors and the failure to complete the building would therefore not amount to fraudulent conversion. The duty of securing a permit was on the prosecutors. However, the testimony indicates that a permit was not required after January 1, 1947. Defendant was tried in September 1947 and the testimony indicates that no substantial work was done on the property during 1947, and the specific items for which the money was paid were not furnished.

Defendant's thirteenth point is that the argument of counsel for the Commonwealth tended to incite the sympathy of the jury. These matters were brought to the attention of the trial judge and disposed of by him, we believe, without prejudice to the rights of defendant. Unless substantial harm is apparent, or highly probable, a new trial will not be granted because of improper remarks of the district attorney: Commonwealth v. Martin, 302 Pa. 118. We were satisfied at the trial and upon review of the record, we are still satisfied that no substantial harm was done defendant because of the remarks of counsel for the Commonwealth. We believe the attitude of the defendant, particularly on cross-examination, was much more damaging to him than the remarks of counsel.

Defendant's fourteenth point is that the Commonwealth failed to prove that defendant converted any of the money given him. Defendant represented to the prosecutors that the money was advanced for particular purposes. These purposes were not carried out. We, therefore, believe the jury was justified in returning a verdict of guilty.

### Order

And now, to wit, February 7, 1948, defendant's motion for a new trial and motion in arrest of judg-

ment is denied, and defendant, Carl C. Dewhirst, is directed to appear before the court on Friday, February 13, 1948, for sentence.