## Lee Tire and Rubber Co. v. Bonholtzer

*Edwin Fischer* and *Edward F. Hitchcock*, for plaintiff.

*William Charles Hogg, Jr.,* for defendant.

TOAL, J., July 19, 1951.—The trial in this case resulted in a nonsuit and plaintiff has filed its motion to take off the nonsuit. The matter has been argued before the court en banc and is now ready for decision.

In viewing the evidence, we must look at it in the light most favorable to plaintiff and all conflicts of testimony and all facts and inferences of fact must be resolved in plaintiff's favor.

Plaintiff instituted this suit in trespass, alleging that defendant had converted certain checks and moneys to his own use and plaintiff was thereby damaged in the sum of $814.70, plus interest.

The evidence of plaintiff reveals that it had sold and delivered certain merchandise to Tiresoles, Inc., a corporation entirely controlled by and managed by defendant J. L. Bonholtzer; that on or about March 14, 1949, Tiresoles, Inc., was indebted to plaintiff for merchandise delivered and in order to obtain additional merchandise on credit from plaintiff, J. L. Bonholtzer and plaintiff entered into an oral agreement, which agreement was afterwards confirmed by letter, whereby Tiresoles agreed to endorse over to plaintiff all checks it received from Upper Darby Township, covering plaintiff's merchandise charged to its account, and plaintiff agreed to extend additional credit to Tiresoles, Inc.

As would be expected, since this case is now before the court, plaintiff's evidence goes on to show that it sold additional merchandise on credit to Tiresoles in the sum of $814.70; that Upper Darby Township during 1949 and 1950 paid to Tiresoles, Inc., the sum of $1,227.16 by check for plaintiff's merchandise; and that defendant contrary to the oral agreement did not endorse the checks over to plaintiff, but caused such checks to be deposited in the regular bank depository to the account of Tiresoles, Inc.

On these facts, the trial judge entered a nonsuit against plaintiff because in his opinion a case of conversion had not been sustained and the proper defendant should have been Tiresoles, Inc., the corporation,

rather than J. L. Bonholtzer, its president, an individual.

Plaintiff has cited the case of Pearl Assurance Company, Ltd., v. National Insurance Agency, Inc. et al., 151 Pa. Superior Ct. 146, in support of its contention that the individual defendant was the proper one. After reviewing this authority and the others cited therein, we are of the opinion that the trial judge erred in imposing a nonsuit for this reason. In the Pearl case, at page 158, the Superior Court said the following:

"With respect to the question of the defendant Rovno's personal liability to the appellee company, it should be noted that he was not only the owner of all the stock of the corporate defendant, as well as its president and authorized agent, but he also personally did all the acts involved in the transactions complained of in this action. 'The fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely, that the fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless.' " Also see Fletcher Encyclopedia Corporations, Vol. I, sec. 41.

Adhering to this statement of the law, we believe that individual defendant, J. L. Bonholtzer, was properly named a defendant in this action.

In considering the question of whether plaintiff has presented evidence to sustain a charge of conversion in this case, the authorities state that under the older rule, plaintiff in an action of trover for conversion must have a property in the chattel, general or special,

and the actual possession or right to immediate possession at the time of the conversion: Commercial Banking Corp. v. Active Loan Co., 135 Pa. Superior Ct. 124. Applying this rule of law, we are of the opinion that plaintiff had no property in the checks either general or special, and hence has no case.

In the case of Pearl Assurance Company v. National Insurance Agency, supra, upon which plaintiff so heavily relies, the Superior Court had the following to say at pages 154, 155:

"In construing the Act of 1917, supra, we pointed out that it was essential that the money or property so fraudulently withheld or converted by the defendant must have *belonged* to the party so injured. It did not apply to one who *borrowed* money, even though he may have had no intention of paying the loan, for by the act of lending, the money became the property of the borrower—'the defendant did not receive any money or goods which belonged to any person other than himself': Com. v. Bixler, 79 Pa. Superior Ct. 295; nor to articles or property transferred to the defendant with the purpose and intent of passing to him the property and title: Com. v. Overheim, 106 Pa. Superior Ct. 424, 427, 162 A. 475; nor is it to be applied as a means of collecting a mere debt: Com. v. Hillpot, 84 Pa. Superior Ct. 454, 458; nor to the assignment of a debt: Com. v. Mitchneck, 130 Pa. Superior Ct. 433, 198 A. 463. It does apply, however, where money, securities, or property belonging to A. are intrusted to the defendant to deliver to B., or to sell or dispose of the same, and to collect and pay the money received or the net proceeds arising from such sale or disposal to A., and instead he fraudulently applies the same to his own use."

We have reviewed the Act of June 24, 1939, P. L. 872, sec. 834, which superseded the Act of 1917 and

have found it to be a substantial reënactment of the Act of 1917.

It is our opinion that the checks in the case before us belonged to defendant and not to the injured plaintiff. The fact that plaintiff entered into an agreement whereby defendant was required to indorse the checks over to plaintiff would, in our opinion, be indicative of an admission on plaintiff's behalf that the checks, when they were received by defendant from Upper Darby Township, were the property of and belonged to defendant, and would not become the property of plaintiff until an indorsement was made.

Furthermore, an agreement to make an indorsement, such as we have here, does not of itself amount to a transfer of the legal title, although where a valid agreement for the transfer of a bill or a note is made an action will lie for the breach of such agreement: 8 C. J. 356, §534.

The evidence presented by plaintiff is not sufficient to make out a conversion under the law as set forth in the Pearl Assurance Co. case.

It has not been shown that property belonging to plaintiff was intrusted to defendant for delivery or sale to Upper Darby Township, nor that defendant was merely an agent for the collection and payment of the proceeds for and to plaintiff.

The transaction in this case amounted to a sale and transfer of certain chattels by plaintiff to defendant, who thereby acquired ownership of the chattels. No agency relationship is present in this case as there was in the Pearl Assurance case.

All plaintiff had was a promise of defendant to increase certain stocks, the remedy for the violation of which is a suit in assumpsit.

Therefore, the ruling of the trial judge is hereby sustained and the motion of plaintiff to take off the nonsuit is dismissed. However, if plaintiff desires to

2

3

amend his form of action, the court will remove the nonsuit.