Commonwealth *v.* Schuster, Appellant.

165

Árgued September 25, 1945. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*D. J. Boyle,* with him *M. V. McGuire,* for appellant.

*J. F. Mahoney,* with him *Edgar Downey* and *C. A.
Whitehouse,* District Attorney, for appellee.

OPINION BY RENO, J., October 24, 1945:

Defendant, a member of a firm of stock brokers, was
convicted of the fraudulent conversion of certain secu-
rities entrusted to him by one of his customers, and his
motion for new trial having been refused and sentence
imposed, this appeal was taken. None of the reasons
now urged on his behalf was presented to the court be-
low in support of defendant's motion, and while his
technical position here is defective, *Com. v. Robinson,*
148 Pa. Superior Ct. 61, 24 A. 2d 694, a consideration of
the issues raised by defendant in his statement of ques-
tions involved shows each to be without merit.

Defendant's challenge to the sufficiency of the evi-
dence produced to convict him requires a statement of
the facts developed on the trial in the light most ad-
vantageous to the Commonwealth, in whose favor the
jury's verdict resolves all controverted factual questions

and the reasonable inferences to be taken from the testimony of record. *Com. v. Kauffman,* 155 Pa. Superior Ct. 347, 38 A. 2d 425.

On August 22, 1942, Mrs. Caroline Knobloch, the prosecutrix, delivered to defendant $3,300 maturity value Prudence Securities Corporation 5½% bonds, $1,100 maturity value Chanin Building 4% bonds, and 100 shares of 20th Century Fox Corporation common stock, with instructions that the securities should be sold and the proceeds of the sale used to purchase other investments for Mrs. Knobloch's account. Subsequently defendant presented prosecutrix with a statement indicating that her original securities had been sold and that the proceeds had been applied to the purchase of 70 shares of Consolidated Edison common stock and 50 shares of Eastern Gas and Fuel 4½% preferred stock, but that a balance of $53.29 was owing defendant on the transaction. Mrs. Knobloch paid defendant this sum and secured his receipt on September 16, 1942, but thereafter defendant made repeated excuses in explanation of his protracted nondelivery of the securities alleged to have been acquired. Early in 1943, prosecutrix retained an attorney who demanded delivery of the Consolidated Edison and Eastern Gas and Fuel shares, without result, and who, upon issuing an ultimatum to defendant in July, 1943, was told by defendant that he had no such stock and that he would have to go into the market and purchase it at a personal loss to himself. Mrs. Knobloch never received her original securities or the shares asserted to have been purchased for her, but after this prosecution was begun she was paid three monthly installments of $250 each under an agreement entered into between her attorney and defendant whereby restitution was to have been made over a period of time.

The defense took the form of testimony by defendant's brother, his partner, who stated that he, not defendant, had handled the transaction with prosecutrix. The witness testified that Mrs. Knobloch's securities had been sold and the proceeds deposited in a firm bank ac-

count which was impounded by the bank in payment of a note on which he was an endorser, and that when the other investments were purchased the firm was unable to accept the draft attached for lack of funds.

The evidence amply justifies the verdict, and it is not surprising that the jury refused to credit the defense. The gravamen of the offense of fraudulent conversion is the withholding of the property of another with the intent to defraud that other, or to deprive him of the use and benefit of his property and to convert or apply the same to defendant's own use or benefit as against the owner. Penal Code of June 24, 1939, P. L. 872, §834, 18 PS §4834; *Com. v. Kniel*, 150 Pa. Superior Ct. 290, 28 A. 2d 326. The prosecution is properly brought against one who has received property in any capacity and afterwards fraudulently misapplies it, even though an indictment for a different statutory offense would have been proper under the circumstances. *Com. v. Drass*, 111 Pa. Superior Ct. 375, 170 A. 706. While a conviction cannot be had where the owner transfers property to the defendant with the intention of parting both with technical legal title and with all his beneficial interest, *Com. v. Overheim*, 106 Pa. Superior Ct. 424, 162 A. 475, where, as here, title is transferred to the defendant merely for purposes of sale, there is a criminal responsibility under the statute for a fraudulent appropriation of the property by defendant for his own use or benefit. *Com. v. Willstein*, 146 Pa. Superior Ct. 357, 22 A. 2d 613. Ordinarily, where defendant has come into possession of property lawfully, evidence of a demand and a refusal to redeliver is essential to complete the proof of a conversion, *Com. v. Winegrad*, 119 Pa. Superior Ct. 78, 180 A. 160, but the absence of a demand is not controlling where the element of actual misapplication is made out by other evidence. *Com. v. Neuman*, 151 Pa. Superior Ct. 642, 30 A. 2d 698; *Com. v. Syren*, 150 Pa. Superior Ct. 32, 27 A. 2d 504; *Com. v. Heckman*, 113 Pa. Superior Ct. 70, 172 A. 28. The written statement given Mrs. Knobloch by defendant, in

which the sale of her securities was recited, and the purchase of others alleged, and his receipt on September 16, 1942, for the balance claimed to be due on the account, coupled with his attempted explanations for the nonproduction of the new securities and his admission in July, 1943, that he had no Consolidated Edison or Eastern Gas and Fuel shares eloquently demonstrated to the jury what undoubtedly became of the securities originally deposited with defendant by Mrs. Knobloch.

The indictment charged the fraudulent conversion of the Prudence, the Chanin and the Fox securities. These securities he sold, and afterwards he falsely represented to prosecutrix that with the proceeds he had bought the Consolidated and Eastern stock. Had he actually purchased the latter, and withheld them from the prosecutrix he might and undoubtedly would have been indicted for the conversion of the Consolidated and Eastern stock. His own proof demonstrated that he had never purchased the latter securities, and consequently he did not and could not convert them. He converted what he was charged with converting, i.e., the Prudence, the Chanin and the Fox securities "and the proceeds from the sale or other disposition thereof." There was therefore no variance between allegata and probata, and defendant's contention in that regard is without merit. His false statement that he had invested the proceeds in Consolidated and Eastern stock could not impose upon the Commonwealth the obligation to indict him for the conversion of those securities.

Defendant next complains that the trial judge violated the Act of May 23, 1887, P. L. 158, §10, 19 PS §631, in the course of the following passage from the charge: "So that the defense interposed here is twofold; First, Mr. Fred Schuster, who appeared on behalf of the defendant, said that it was he, not his brother, who received the securities, and it was he, not his brother, who sold them. He is not charged in this indictment. Only Vincent J. Schuster, the defendant, is charged in this indictment, and Vincent J. Schuster did not appear as a witness in

his own behalf." The statute does not prohibit a mere reference to the fact that a defendant has not taken the witness stand, *Com. v. Nelson*, 294 Pa. 544, 144 A. 542; *Com. v. Yollin*, 115 Pa. Superior Ct. 215, 175 A. 429; the prohibition is against adverse comments on the part of the court or prosecutor. *Com. v. Chickerella*, 251 Pa. 160, 96 A. 129; *Com. v. Martin*, 34 Pa. Superior Ct. 451. "To constitute error, the remark must go further, indicating a duty of the defendant to testify, and permitting an unfavorable inference to be drawn from his failure to do so: Com. v. Green, 233 Pa. 291, [82 A. 250]; Com. v. Foley, 24 Pa. Superior Ct. 414": *Com. v. Thomas*, 275 Pa. 137, 141, 118 A. 667. We are convinced the court intended no adverse reference, and that the jury drew no unfavorable conclusions, as a result of the portion of the charge here impugned.

Finally, defendant argues that the charge was erroneous in that, immediately following the passage above quoted, the court said: "The other defense, as indicated from the testimony, apparently is that they did not intend to withhold, fraudulently, the money of Mrs. Knobloch. You will note and recall from the statute that I read, that fraudulent conversion is defined as whoever withholds for their own use and so forth." Defendant contends, citing *Com. v. Wiener*, 340 Pa. 369, 17 A. 2d 357, and *Com. v. Koss*, 136 Pa. Superior Ct. 173, 7 A. 2d 20, that this excerpt conveyed to the jury that they might convict merely upon believing that defendant withheld prosecutrix' property, without a fraudulent intention to deprive her of it. Looking at the charge as a whole, it readily appears that the only understanding which could have been received from the court's exposition of the law was that a fraudulent intention was necessary to establish guilt. The court read from the language of the Act of Assembly at the beginning of the charge, and, indeed, referred back to the statute in the very sentence with which issue now is taken. Furthermore, the court was in the act of explaining one of defendant's own arguments and the plain import of the

instruction is that if the jury were impressed with that view of the facts an acquittal should be returned.

All assignments of error are overruled; the judgment is affirmed; and it is ordered that appellant, if released on bail, appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence or any part of it which had not been served at the time his appeal was made a supersedeas.