Commonwealth *v.* Shutts, Appellant.

Argued September 27, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Joseph V. Agresti,* with him *Agresti & Agresti,* for appellant.

*Damian McLaughlin,* District Attorney, for appellee.

OPINION BY ROSS, J., November 9, 1948:

The defendant was convicted of fraudulent conversion. After his motion for a new trial was refused and sentence imposed, he took this appeal.

The offense of fraudulent conversion is set forth in The Penal Code as follows: "Whoever, having received or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, is guilty of a felony. . . ." Act of June 24, 1939, P. L. 872, sec. 834, 18 PS 4834. A prosecution for fraudulent conversion is properly brought against one who has received property in any capacity and afterwards fraudulently misapplies it. *Com. v. Schuster,* 158 Pa. Superior Ct. 164, 44 A. 2d 303.

Sometime in 1945, the defendant, a real estate broker, was requested by the prosecuting witness, Cora Riordan, to secure for her a real estate mortgage investment at six per cent. interest to be amortized over a period of ten years. Later, in December 1945, the defendant advised Mrs. Riordan that he could secure such mortgage for her on a "brick two-family flat" on West 29th Street in the city of Erie. Thereupon, she turned over to the defendant $4,000 to invest in the mortgage, and his receipt for the money bore the notation "Deposit on mortgage for interest at six per cent. payable $44.41 per month", which would have amortized the mortgage loan in ten years. Thereafter for nineteen months Mrs. Riordan received from the defendant a monthly check for $44.41 but then payments stopped and this charge of fraudulent conversion was preferred against the defendant.

The defendant denied that he had advised Mrs. Riordan that he could secure a mortgage for her on the West 29th Street property (or on any specified property) but the testimony was for the jury. It is admitted that there was no such mortgage and that Mrs. Riordan did not receive any mortgage on any property.

It is admitted by the defendant that he received the money from Mrs. Riordan to be invested in a mortgage for her and that he did not so invest it but used it in his own business. According to his testimony, when he received the money he had no specific mortgage investment in mind, he tried to find a mortgage of the kind and type desired by Mrs. Riordan and when he was unable to do so, *he* treated the money as a loan to *himself* which he intended and still intends to repay. Consequently, he contends that he did not *intend* to "fraudulently convert" the money and that the jury was not justified in finding that he did.

Clearly under the testimony the treating of the money as a loan to the defendant was a one-sided affair. Mrs. Riordan knew nothing about it, she was never told that

the money had not been invested in a mortgage, and the receipt of the monthly payments as stipulated in the receipt would lead her to believe that the mortgage on the West 29th Street property had been secured for her. She delivered the money to the defendant to invest in a specified mortgage for *her* benefit; he used the money for an entirely different purpose, to wit, a loan to himself for *his* benefit. His intention to repay, even if believed by the jury, would be no defense. *Com. v. Miele,* 115 Pa. Superior Ct. 269, 175 A. 706. The evidence amply justifies the verdict of the jury. Cf. *Com. v. Schuster,* 158 Pa. Superior Ct. 164, 44 A. 2d 303, supra.

All assignments of error are overruled, the judgment is affirmed; and it is ordered that appellant, if released on bail, appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence or any part of it which had not been served at the time his appeal was made a supersedeas.