Commonwealth *v.* Spiegel, Appellant.

Argued April 9, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

S. V. Albo, with him David E. Cohen, for appellant.

T. J. Kalman, Assistant District Attorney, with him Fred L. Brothers, District Attorney, for appellee.

OPINION BY RENO, J., July 19, 1951:

Defendant, a public accountant, was convicted on four separate indictments of fraudulent conversion of moneys given him for payment of income taxes to the Federal Government. This appeal questions the lower court's refusal to withdraw a juror and alleged errors in the charge of the court.

For many years, Klein's Department Store in Point Marion, Fayette County, employed the accounting agency of William A. Wood to audit the store's books and handle all tax matters. In 1944, defendant was the accountant assigned by the agency to make Klein's monthly audits and prepare tax returns. In February, 1949, the Internal Revenue Department informed Klein's Department Store of an additional tax for 1944 of $2,387.72 plus interest. Klein notified the accounting agency of this additional assessment and arranged for monthly payments. The payments were made in the following manner: on April 11, 1949, he gave defendant a check drawn to defendant's order for $449.77;

on May 9, 1949, a check to defendant's order for $400; on June 6, 1949, a check for $548; and on July 12, 1949, a check in the amount of $550. These four monthly checks totaled $1,947.77. In the middle of August, 1949, Klein was notified by the Internal Revenue Department that payments on his additional tax assessment were in arrears. He immediately notified Mr. Wood who ascertained from the taxing authorities that payments had been made on May 3, 1949, of $250, and on June 17, 1949 of $237.72. In other words, defendant had failed to remit $1,460.05 of Klein's money to the Government. Wood discussed the matter with defendant, who was no longer in his employ, and showed him the figures. Defendant's reply was: "I'll take care of it." On August 30, 1949, a payment was made of $1,-360.05[1] which amount was credited to the Klein account on September 14, 1949. The balance of the tax assessment was paid by Klein on November 1, 1949.

In the course of his argument to the jury the district attorney in referring to defendant's payment of the balance of the funds entrusted to him said: "He goes to another client and gets this money to pay this debt." Defendant objected to the remark and requested a juror be withdrawn. Denial of defendant's motion was not an abuse of discretion. *Behrens v. Mountz,* 37 Pa. Superior Ct. 326; *Fahrer v. Blumenthal,* 125 Pa. Superior Ct. 568, 190 A. 206. The district attorney was illustrating the impossibility of a conviction for fraudulent conversion if the jury accepted defendant's theory that mere repayment of the funds converted would absolve defendant of liability. Furthermore, the trial judge in his charge instructed the jury to disregard the statement.

---

[1] Defendant did not testify and his counsel in the brief filed here says the discrepancy of $100 was caused by defendant's inadvertently miscalculated balance.

The fact that defendant subsequently paid the money to the taxing authorities is immaterial. The gist of the offense of fraudulent conversion is the withholding of another's property with the intent to defraud or deprive that other person of the use and benefit of his property and to convey or apply the same to defendant's own use or benefit as against the owner's. The Penal Code of June 24, 1939, P. L. 872, §834, 18 P.S. §4834. *Com. v. Kniel,* 150 Pa. Superior Ct. 290, 28 A. 2d 326. The crime was complete when defendant fraudulently retained the money instead of paying the taxes as he agreed. Even had he intended to repay the money it would not be a defense. *Com. v. Shutts,* 163 Pa. Superior Ct. 415, 62 A. 2d 82. Satisfaction of a private wrong is not a bar to a criminal prosecution. *Com. v. Heckman,* 113 Pa. Superior Ct. 70, 172 A. 28.

Where defendant, as here, is lawfully in possession of property, the general rule is that before an indictment for fraudulent conversion can be sustained there must be evidence of a demand and refusal to redeliver. *Com. v. Winegrad,* 119 Pa. Superior Ct. 78, 180 A. 160. While the jury may well have found such demand from Wood's testimony we believe the conviction can be sustained on broader grounds. A demand may not be necessary under certain circumstances. *Com. v. Neuman,* 151 Pa. Superior Ct. 642, 30 A. 2d 698. "Absence of a demand is not controlling where the element of actual misapplication is made out by other evidence": *Com. v. Schuster,* 158 Pa. Superior Ct. 164, 167, 44 A. 2d 303. See also 53 Am. Jur., Trover and Conversion, §88, and 65 C. J., Trover and Conversion, §56. The fact that defendant was given possession for an express purpose and knew the money was due immediately yet retained possession of the greater part of it for several months is ample evidence of his intention to apply it to his own use to the detriment of the owner. *Com. v. Ryder,* 80 Pa. Superior Ct. 452.

Defendant argues the trial judge erred in submitting the case to the jury on the theory of a conversion of the amounts retained by defendant, whereas the indictments charged conversion of the total amounts paid defendant by Klein. It is submitted that such a variance entitles him to a new trial. We do not agree with the contention. "Proof of the felonious taking of money in an amount either greater or less than averred in the indictment will sustain a conviction": *Com. v. Haimbach*, 151 Pa. Superior Ct. 581, 586, 30 A. 2d 653.

Judgment is affirmed; and it is ordered that defendant, if released on bail, appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence or any part of it which had not been served at the time his appeal was made a supersedeas.