Commonwealth *v.* Powell, Appellant.

Argued April 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*John R. Luke,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., June 17, 1965:

Appellant-defendant was found guilty of fraudulent conversion in a nonjury trial before HON. JAMES A. REILLY, Judge of the Fourteenth Judicial District, spe-

cially presiding in the Fifth Judicial District. Appellant's motions for a new trial and in arrest of judgment having been refused and judgment of sentence imposed, this appeal followed.

The indictment charged the defendant with having received from Elmer Jonnett, the prosecutor, the sum of $8,350 to be held and used by said defendant for certain purposes in connection with the prosecutor's application for a mortgage loan on a one-hundred-unit motel and restaurant he contemplated building; that he, defendant, was to apply said sum of money in promoting said loan, but having refused to so apply same for that purpose, or to return it to the prosecutor on demand, fraudulently applied it to his own use.

Judge REILLY found as facts that defendant, who held himself out as a mortgage broker, had been engaged to procure the loan previously mentioned for which Mr. Jonnett agreed to pay a commission. On the basis of a contemplated loan of $850,000 defendant suggested that the prosecutor advance $850 as an appraisal fee, which was paid to defendant at or about the time of the agreement; defendant retained the $850 and converted it to his own use, although no appraisal was ever made by him or anyone else. Subsequently defendant prevailed on the prosecutor to advance to him another $7,500 as a "stand-by" fee on an application for a loan of $750,000. Defendant failed to procure a mortgage through his own efforts and was compelled to seek the services of another broker, Fred L. Aiken, who demanded the same fee as that which the prosecutor had promised to pay defendant and would not deliver a commitment for a loan of $700,000 until this commission was paid. Mr. Jonnett refused to pay this double commission and demanded of defendant that he deliver the money in his hands to Mr. Aiken; at this time defendant admitted he did not have the money and claimed the $7,500 as a commission or find-

er's fee, although admitting he had no claim to the $850.

We have examined the record and find ample evidence to support the findings of the lower court, previously set forth. Furthermore, the record also supports the additional finding made by that court that defendant had no reason to believe he had earned or was entitled to any part of the money placed in his hands by the prosecutor.

Appellant's argument that he had earned his commission by securing a mortgage commitment for Mr. Jonnett is fully answered by Mr. Aiken. Mr. Aiken testified that a mortgage commitment of $700,000 was available to Mr. Aiken as a broker correspondent, and that "It would be available to Mr. Jonnett upon payment of $14,000.00," of which $7,000 would be deposited with the lending institution to be refunded when the loan was consummated. This is what was previously referred to as the "stand-by" fee. It is clear that the prosecutor did not agree to pay the defendant to find another broker who could secure a loan. Their agreement was that defendant was to secure the loan commitment for the commission agreed to.

The gist of the offense of fraudulent conversion is the withholding of another's property, with intent to defraud the owner and convert and apply it to his own use, *Commonwealth v. Doria*, 193 Pa. Superior Ct. 206, 163 A. 2d 918 (1960); and the test is whether such person in good faith believed he had a right to withhold same from the rightful owner. *Commonwealth v. Souder*, 176 Pa. Superior Ct. 523, 108 A. 2d 831 (1954). The facts as found by the lower court establish that defendant withheld this money with a fraudulent intent to deprive the owner of it.

We find no merit in appellant's argument that testimony of events occurring subsequent to his arrest were introduced into evidence.

Judgment of sentence affirmed and appellant-defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of which had not been performed at the time the appeal was made a supersedeas.

HOFFMAN, J., dissents.