Opinion by
 

 Jacobs, J.,
 

 Jonathan D. Dunn, a practicing attorney in Bucks County since 1957, was convicted by a jury in Bucks County of the crime of fraudulent conversion. His motions in arrest of judgment and for a new trial were refused by the court below and sentence consisting of. a fine and probation was imposed. He appeals from that sentence. We affirm.
 

 In this case there is very little dispute over the facts and they may be stated as follows: Appellant and one Joseph V. Cygan were partners in the practice of law in Doylestown, Bucks County. The law firm maintained two checking accounts. One was designated an escrow account and the other an attorneys’ account.
 
 *386
 
 On April 29, 1964 Lyman E. Snyder, Jr. and Woodrow E. Snyder gave a power-of-attorney to the appellant and Joseph V. Cygan, authorizing them, inter alia, to collect the proceeds of the condemnation of certain real property of theirs located in Bucks County. On or about April 30th Cygan and the appellant received a check payable to the Snyders in the amount of $3,-139.99. This check was endorsed by Cygan and the appellant and deposited on May 1, 1964 by the appellant in the escrow account of the firm in the Doylestown National Bank and Trust Company. On the day that the check was deposited, Cygan and the appellant signed two checks on the escrow account. The first was in the amount of $569.16 which appellant used to purchase two certified checks which he presented to an agent of United States Internal Revenue Service in payment of his own delinquent taxes. The second check was in the amount of $750.00 which the appellant cashed. From the proceeds of that check $500.00 was paid to Cygan, $150.00 was kept by the appellant, and $100.00 was put into the petty cash account of the firm. During the next several days many other checks were drawn on the account by Cygan and the appellant.
 
 [1]
 
 Some were used on behalf of clients of the appellant other than the Snyders and some were used by the appellant for his personal purposes, including several that were cashed by the appellant, one given to his former wife and another paid to his present wife. When the Snyder check was deposited on May 1st there was a balance in the account of $196.27. On May 12, 1964 the balance in the account was $.76. ■ Between May 1st and May 12, 1964 two other deposits totalling $525.00 were made. On April 7, 1964 a statement of the account had been sent to Cygan and the appellant
 
 *387
 
 showing a balance in the account of $814.11. The appellant was aware of this bank statement. Upon request, a second statement was sent to them by the bank on May 6, 1964. Having received no money from Cygan or the appellant, the Snyders signed a criminal complaint on November 6, 1964.
 

 Fraudulent conversion is defined by section 834 of The Penal Code of June 24, 1939, P. L. 872, 18 P.S. §4834, as follows: “Whoever, having received or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, is guilty of a felony----”
 

 Appellant questions the sufficiency of the evidence to convict him of fraudulent conversion. The test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, is whether accepting as true all of the evidence upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged.
 
 Commonwealth v. Whiting,
 
 409 Pa. 492, 187 A. 2d 563 (1963). We have no difficulty in finding that the evidence in this case was sufficient. Appellant deposited the Snyders’ check in the escrow account, he was aware of the bank statement of April 6th and it is a fair inference that he knew that there wasn’t enough money in the account to cover the checks which he wrote for his own purposes without using the money of the Snyders. His defense was that because of bookkeeping
 
 *388
 
 errors he thought there was $1,800.00 to $2,000.00 in the account. However, the alleged incorrect entries were not introduced in evidence. Appellant’s credibility was a matter for the jury and his testimony must be viewed in the light most favorable to .the Commonwealth. Thus the jury was amply justified in finding that he knew that he was using the Snyders’ money when he drew the checks, all of which were signed by him and Cygan and were applied either for his own use or for the use of Cygan or their joint use. Nor is the appellant helped by the fact that no demand was made of him for the money. Ordinarily where a defendant is lawfully in possession of property before an indictment for fraudulent conversion can be sustained there must be evidence of a demand and refusal to redeliver. Absence of demand is not controlling, however, where the element of actual misapplication is made out by other evidence.
 
 Commonwealth v. Spiegel,
 
 169 Pa. Superior Ct. 252, 82 A. 2d 692 (1951);
 
 Commonwealth v. Maust,
 
 205 Pa. Superior Ct. 281, 208 A. 2d 906 (1965). Here the conversion was shown by the writing of checks which obviously disposed of the Snyders’ money and applied the proceeds to the use of Cygan and the appellant. Therefore, it was not necessary that a demand be made in order to complete the conversion.
 

 Appellant contends that the indictment was improperly brought under section 834 of The Penal Code and should have been brought under section 825 of the Code, 18 P.S. §4825. An extended discussion of this contention is not necessary because our court has specifically held that a prosecution under section 834 is properly brought against one who has received property in any capacity and afterwards fraudulently misapplies it, even though an indictment for a different statutory offense would have been proper under the cir
 
 *389
 
 cumstances.
 
 Commonwealth v. Schuster,
 
 158 Pa. Superior Ct. 164, 44 A. 2d 303 (1945);
 
 Commonwealth v. Sherman,
 
 182 Pa. Superior Ct. 319, 126 A. 2d 480 (1956).
 

 We find no merit in the other contentions made by the appellant, but will discuss briefly his objection to the limitation of his cross-examination of Cygan. At the time of appellant’s trial Cygan had been convicted by a jury of the same crime and his motions for a new trial and arrest of judgment were pending. He was called as a witness by the Commonwealth. In the beginning of his cross-examination the appellant’s attorney asked Cygan the following question: “Have you yourself or your lawyer talked to anybody in the District Attorney’s office, and made a deal with them with regard to your testifying at this trial?” The district attorney objected to the question and the trial judge sustained his objection. Because this witness was under indictment for the same crime, it was entirely possible that his testimony was biased having been given under promise or expectation of leniency. The jury was entitled to know that as affecting his credibility. See
 
 Commonwealth v. Mulroy,
 
 154 Pa. Superior Ct. 410, 36 A. 2d 337 (1944). The judge should have permitted the question to be answered. However, the scope and latitude of cross-examination are within the sound discretion of the trial court.
 
 Commonwealth v. Stone,
 
 187 Pa. Superior Ct. 225, 144 A. 2d 614 (1958). Even if the ruling is erroneous it is not ground for reversal unless it results in an apparent injury.
 
 Commonwealth v. Cano,
 
 182 Pa. Superior Ct. 524, 128 A. 2d 358 (1956). We have carefully examined all of Cygan’s testimony. We have also carefully examined the testimony of the appellant who took the stand himself. Everything that Cygan testified to was agreed to be correct by the appellant in his testimony with
 
 *390
 
 one exception. Cygan testified that prior to April 30, 1964 he believed that the appellant was aware of the settlement he had made for the Snyders. The appellant testified that it was his recollection that he had never heard of the Snyders until May 1, 1964. In our view the crime of fraudulent conversion was adequately supported by the fact that the appellant knew on May 1st when he deposited the check that he had the Snyders’ money. Whether he knew of settlement prior to April 30, 1964 was immaterial. Thus the refusal to permit appellant’s counsel to try to show Cygan’s bias did not harm the appellant because he later admitted all the material averments made by Cygan. The trial judge’s error was harmless and not an abuse of discretion.
 

 Judgment of sentence affirmed.
 

 [1]
 

 Each check drawn on the escrow account had to be signed by both Cygan and Dunn.