Commonwealth *v.* Fullwood, Appellant.

136

Argued November 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellant.

*Joseph E. Kovach,* District Attorney, with him *A. J. Kuzdenyi,* First Assistant District Attorney, for Commonwealth, appellee, submitted a brief.

OPINION BY SPAULDING, J., March 20, 1969:

On March 22, 1967, appellant Etta Fullwood was convicted by a jury on indictments charging embezzlement by a public officer[1] and fraudulent conversion of property.[2] This is an appeal from the dismissal of appellant's motions in arrest of judgment and for a new trial.

Appellant's convictions result from a shortage in the accounts of the Treasurer's Office of Fayette County in the amount of approximately $67,000. Appellant, employed in the Treasurer's Office, was directly in control of the Municipal Tax Fund bank account. This account consisted of delinquent school and municipal taxes collected by the Fayette County Tax Claim Bureau. On each business day, an employe of the Tax Claim Bureau delivered the receipts for the prior day to the Treasurer's Office. Appellant received these funds and distributed the portion of the funds due Fayette County to another employe of the Treasurer's Office. The balance of the money received from the Tax Claim Bureau, consisting only of money to be deposited in the Municipal Tax Fund account, was retained in the custody of appellant. It was her duty to prepare daily deposit slips of the funds to be deposited. Beginning about the middle of August 1966, she was required personally to deposit the funds in the bank. The shortage resulted from the failure to deposit 21 days' receipts in the Municipal Tax Fund bank account between June 6, 1966 and September 30, 1966.

Of the 21 missing deposits, 7 were withheld from funds delivered to the appellant during June, July and August 1966. The Commonwealth's evidence showed that during this period the appellant had the exclu-

[1] Act of June 24, 1939, P. L. 872, §822, 18 P.S. 4822.
[2] Act of June 24, 1939, P. L. 872, §834, 18 P.S. 4834.

sive responsibility of preparing the funds for deposit. Although appellant did not, at this time, personally deliver the funds to the bank for deposit, the employe who made the deposits testified that on every occasion when he had been given funds by the appellant the deposits were made and the deposit slips returned to the appellant. This testimony, if believed, was sufficient to establish that the missing deposits were withheld by the appellant. In support of this conclusion, the Commonwealth also showed that during this period daily receipts were retained in the custody of appellant on four occasions covering periods up to 2 months before being deposited. In each instance, the deposit slip presented to the bank and the carbon copy of the slip which was kept in the office by appellant showed alterations in the date and the amount deposited. Moreover, in each instance the carbon slip prepared and retained by appellant was altered in a manner inconsistent with the alterations on the original deposit slip and did not correctly reflect the actual date of deposit.

The remaining 14 daily receipts were funds received by the Treasurer's Office in September 1966. These funds were not deposited in the bank account during September and as a result the Municipal Tax Fund account was overdrawn. Appellant was directed by the County Treasurer to bring her deposits up to date and on October 1, a Saturday, she came to the office for this purpose. On Monday, October 3, appellant left the office with these funds to deposit them in the bank. It is her claim that immediately after she left the courthouse where she worked she was accosted by a male assailant who stole the money she was carrying. The Commonwealth discredited this version of the events by showing the unlikelihood of a robbery when there was no established time or manner

for making bank deposits, that the supposed robber allegedly was lying in wait for appellant while wearing a woman's stocking over his face in plain view during the noon lunch hour, and that immediately after the alleged robbery appellant walked past a uniformed deputy sheriff known to her, without reporting the robbery. If appellant's version of the "robbery" is not believed, the only alternative conclusion available to the jury is that appellant withheld the funds.

Appellant advances several claims in support of her motion for arrest of judgment. Her first contention is that the act relating to Fraudulent Conversion of Property has no application to her since Fayette County and its political subdivisions are not "persons" within the meaning of The Penal Code, §103, 18 P.S. §4103. The holding of *Commonwealth v. Glass*, 199 Pa. Superior Ct. 542, 185 A. 2d 811 (1962) to this effect has been modified by the legislature. The Act of January 25, 1966, P. L. (1965) 1570, §1, amended §103 of The Penal Code to include political subdivisions within the definition of "person."

Appellant next contends that the act relating to Embezzlement by Public Officers has no application to her since she was not "charged with the collection, safekeeping, transfer or disbursement of public money" as is required by §822 of The Penal Code. The thrust of this argument is that by statute the County Treasurer is charged with the duty of receiving and safekeeping public money. *See*, Act of August 9, 1950, P. L. 323, §1760, 16 P.S. §1760. Appellant argues that because the County Treasurer has the statutory duty of receiving and safeguarding the Municipal Tax Fund, as a matter of law appellant is not included in the terms of the act. However, §822 applies to any "officer, employe or agent" of a political subdivision. A reasonable interpretation of this language requires that it

be construed to include any employe of a political sub-division who in the course of his employment is required to exercise control over public funds. The Commonwealth's evidence clearly establishes that appellant had such duties.

The final contention advanced by appellant in support of the motion in arrest of judgment is that in order to sustain convictions under either §822 or §834 it is necessary to show that a demand has been made upon the defendant to return the money allegedly taken unless the Commonwealth proves by other evidence that the money has been actually misapplied. No demand for return of the money was made upon appellant. She asserts that the Commonwealth's evidence is insufficient to establish an actual misapplication of the funds and that she could not be convicted absent proof that she had refused to deliver the money after a proper demand. Proof of misapplication in the absence of a demand is required in order to establish the criminal intent which is an element of both offenses for which appellant was charged. *Commonwealth v. Spiegel*, 169 Pa. Superior Ct. 252, 82 A. 2d 692 (1951); *Commonwealth v. Souder*, 172 Pa. Superior Ct. 463, 94 A. 2d 136 (1953); *Commonwealth v. Hampton*, 96 Pa. Superior Ct. 63 (1929).

In *Commonwealth v. Spiegel, supra*, this Court held that misapplication had been established on facts proving that defendant was given possession of money for a definite purpose, and knowing that the monies were due immediately, retained possession of the monies for several months. In the instant case, the Commonwealth evidence amply supports a finding that appellant on 21 occasions withheld funds received by her from the Tax Claim Bureau when she was charged with depositing them in the Municipal Tax Fund bank account. Proof of appellant's criminal intent is further

buttressed by the evidence that appellant altered her records of deposits during June, July and August, and on October 3 reported a false robbery of the deposits. Although the Commonwealth did not trace the possession of the missing funds beyond establishing that the monies had not been deposited in the Municipal Tax Fund bank account, and thus did not directly prove that appellant retained possession of the money for her own use, the circumstantial evidence presented by the Commonwealth is sufficient to support the jury's finding of misapplication.

In support of her motion for a new trial, appellant advances numerous alleged trial errors, principally that the court erred in limiting appellant's attempts to admit evidence relating to shortages in the Municipal Tax Fund accounts prior to May 1966, and in making several misstatements in its charge as to the testimony given by the prosecution witnesses. The limitation imposed on proof of prior unrelated shortages in the Municipal Tax Fund account was within the discretion of the court. The only effect of introduction of this collateral matter would have been to confuse the jury and exclusion did not prejudice the appellant. As for the alleged misstatements in the trial court's charge, it is enough to say that the trial court correctly stated the disputed testimony in its charge. In any event, the members of the jury were properly admonished that they were the triers of the facts not bound by any statement of the court. Since appellant failed to take exception to the charge, the matter cannot be raised here.

We have reviewed the other claims raised by appellant in support of the motion for a new trial and find them to be equally without merit.

Although the matter was not raised by the parties, it appears from the record that appellant was sen-

tenced under the provisions of the Muncy Act to serve an indefinite term at the State Correctional Institution at Muncy. This act was held unconstitutional in *Commonwealth v. Daniel*, 430 Pa. 642, 243 A. 2d 400 (1968).

The judgment of sentence is reversed and the case is remanded to the court below for resentencing consistent with *Commonwealth v. Daniel, supra.*