Commonwealth *v.* Schad, Appellant.

Argued April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

·Allen N. Brunwasser, for appellant.

J. Kent Culley, Assistant District Attorney, with him Carol Mary Los, Assistant District Attorney, and Robert W. Duggan, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

Appellant was convicted of fraudulently converting $1,100 in handmoney given to him by a Mr. and Mrs. LeJeune. In 1967 the LeJeunes sought to purchase a house and lot from appellant, a building contractor. A written agreement was signed and the purchasers paid appellant $1,100 in handmoney.[1] This money was to be applied to the purchase and erection of a house on a certain lot.

After this agreement was signed there was considerable delay culminating in a change in lots. A second agreement was prepared, but it may never have been signed. Much confusion as to the status of the various agreements between the parties remains. In any event, the LeJeunes finally hired an attorney and

---

[1] There is a dispute as to the amount of money which was required by the contract to be paid as handmoney. The lower court found that the amount was $250 and that Mr. LeJeune orally agreed to pay more "because [appellant] asked [him] for it."

repeated attempts were made to effect a closing. Appellant, however, was not able to produce good title to the lot in question. Finally, the LeJeunes' attorney sent appellant a letter stating that the negotiations were at an end and demanding the return of the $1,100. Appellant refused this demand. He was subsequently indicted for fraudulent conversion.[2] After trial by jury he was convicted and this appeal followed judgment of sentence.

The only issue which we need consider at this time is whether the trial court correctly instructed the jury as to all the elements of the crime of fraudulent conversion, and especially as to whether appellant had the requisite fraudulent intent. The court charged the jury, in pertinent part as follows:

"This case is a criminal case. I want to impress upon you this isn't a civil case. This is an action where the Commonwealth is the prosecuting party and the Commonwealth says that the defendant has committed a crime of fraudulent conversion, in other words that he by use of fraud converted to his own use the property of Mr. and Mrs. LeJeune or particularly, as the indictment states, the property of John R. LeJeune and because of this is guilty of a crime.

. . . .

"This is the only dispute which you have before you at this time[:] Did the defendant hold for the LeJeunes the sum of $1100 and did he hold it with the intent and understanding that the $1100 would be used and applied for the purpose of purchase of lot 146 and building a house thereon and turning it over to the LeJeunes in accordance with their agreement, and having failed to do this, did he then keep the money and con-

---

[2] Appellant was also indicted for obtaining the money by the false pretense of claiming that he owned the lot when he did not. The court sustained appellant's demurrer to this charge.

vert it and use it for his own purposes, contrary to the agreement between the parties, and after demand had been made by the LeJeunes, Mr. LeJeune, for its return.

"If you are convinced that he did, then you would find him guilty; if you are convinced that he did not, you would find him not guilty.

. . . .

"Consider all the testimony. Consider the totality of the evidence presented in this courtroom and determine, one, are you convinced beyond a reasonable doubt that the defendant Mr. Schad fraudulently converted to his own use the sum of $1100 which he held for the LeJeunes for the purpose of getting this property and building a house on it, all of which was contrary to their agreement and to the law as I have mentioned. If you are so convinced, then find him guilty; if you are not so convinced, find him not guilty. I think this is the only issue before you."

In evaluating this charge, it is necessary to determine whether the trial court adequately described the elements of the offense of fraudulent conversion. The gist of this offense is not mere retention of another's property, but is rather "the withholding of another's property with the intent to defraud or deprive that other person of the use and benefit of his property and to convey or apply the same to defendant's own use or benefit as against the owner's." *Commonwealth v. Spiegel,* 169 Pa. Superior Ct. 252, 255, 82 A. 2d 692, 694 (1951). The test in a case such as this is not whether the appellant had a right to withhold the money, "but whether in good faith he believed he had such a right." *Commonwealth v. Wiener,* 340 Pa. 369, 375, 17 A. 2d 357, 360 (1941); *Commonwealth v. Souder,* 176 Pa. Superior Ct. 523, 108 A. 2d 831, 833 (1954).

Though specifically asked to charge on this point,[3] the court did not do so. This is especially significant in light of the provision of the first contract between the parties (which may possibly have been incorporated into any later contract between the parties) concerning liquidated damages.[4] We believe that the jury should have been instructed to consider whether appellant believed in good faith that he had a right to retain the LeJeunes money. If he had such a good faith belief he would be entitled to be acquitted of the charge of fraudulent conversion.

We therefore reverse the judgment of sentence and remand the record for a new trial.

---

[3] The Court refused the following points for charge:

"Point 4: Even if the jury finds defendant should return the money, they cannot find him guilty unless . . . they also find that defendant withheld the money fraudulently and without a good faith claim that he had a right to withhold it.

"Point 6: If defendant in good faith believed he had a right to withhold the $1,100, the jury must find him not guilty even though they believed he should return it to Mr. LeJeune.

"Point 11: If the jury finds defendant believed he had a right to withhold the money, they must find him not guilty even though they also find that he is wrong in his opinion that he could withhold it."

The Court affirmed this point, but did not read it to the jury:

"Point 9: In a charge of fraudulent conversion, the test is not whether defendant had the right to withhold the money but whether in good faith he believed he had such a right."

Appellant's attorney specifically objected to the refusal of the points for charge which were denied.

[4] The liquidated damages clause provides that "[i]n the event the Owner [the LeJeunes] defaults or cancels at any time after signing this Agreement for any reason not approved in writing by the Contractor [appellant], the Owner shall be liable for 10% of the Consideration [i.e., 16,300 or, as to a later contract, perhaps $16,100] as liquidated damages plus any amount expended by the Contractor."