Commonwealth *v.* Hawkins, Appellant.

Argued November 16, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

reargument refused December 18, 1974.

*Harold L. Randolph,* for appellant.

*William E. Gibbons,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 16, 1974:

The order of the Superior Court is affirmed by an evenly divided Court insofar as it affirms the judgments of sentence of the Court of Common Pleas of Philadelphia County at Nos. 427, 431, and 433 February Term, 1971.

The order of the Superior Court is unanimously reversed insofar as it affirms the judgments of sentence

of the Court of Common Pleas of Philadelphia County at No. 516 November Term, 1970, and Nos. 426, 428, 432, and 434 February Term, 1971, and the judgments of sentence therein are reversed.

Mr. Justice NIX took no part in the consideration or decision of this case.

---

OPINION IN SUPPORT OF PER CURIAM ORDER BY MR. JUSTICE ROBERTS:

For the reasons stated in the Opinion in Support of Reversal, appellant's failure to comply with his contractual duties to procure and install grave markers did not constitute fraudulent conversion. However, in my view, appellant's refusal to remit monies specifically earmarked for cemetery fees did, on this record, violate the statutory proscription. Hence, I support the affirmance of the judgments of sentence imposed on bills 427, 431, and 433, those cases in which appellant did not pay the cemeteries.

Appellant undertook to accept and forward specific, separate fees for cemetery foundations. By so doing, he acquired no legal title to those sums. Appellant therefore was an agent in those transactions; his obligation was to transfer to cemeteries on behalf of others the exact amounts received. Restatement (Second) of Agency § 14K (1958).

When an agent or custodian converts to his own use monies he temporarily holds, he may be found guilty of fraudulent conversion. *Commonwealth v. Dunn*, 212 Pa. Superior Ct. 384, 243 A.2d 476 (1968); *Commonwealth v. Schuster*, 158 Pa. Superior Ct. 164, 44 A.2d 303 (1945); *Commonwealth v. Neuman*, 151 Pa. Superior Ct. 642, 30 A.2d 698 (1943); *Commonwealth v. Willstein*, 146 Pa. Superior Ct. 357, 22 A.2d 613 (1941); *Commonwealth v. MacDonald*, 74 Pa. Superior Ct. 357

(1920) ; *Commonwealth v. Miller,* 95 Dauphin County Rptr. 54 (Pa. C.P. 1972) ; *Commonwealth v. Dewhirst,* 64 Pa. D. & C. 195 (O. & T. Beaver County 1948). Indeed, this statutory prohibition "was designed to cover those border line cases between embezzlement and larceny by bailee, where the faithless agent or custodian sometimes escaped his just deserts [sic] on the ground that his actions were only a breach of trust for which he was not responsible by criminal prosecution, or even by civil action except in assumpsit." *Commonwealth v. Yocum,* 211 Pa. Superior Ct. 17, 23, 234 A.2d 43, 46 (1967) (quoting *Pearl Assurance Co. v. National Insurance Agency, Inc.,* 151 Pa. Superior Ct. 146, 152, 30 A.2d 333, 336 (1943)).

Because the Commonwealth's evidence established that appellant was just such a "faithless agent" with respect to the cemetery fees, it must be concluded that his culpability was proven beyond a reasonable doubt. I would therefore affirm the judgments of sentence in those cases in which appellant withheld cemetery fees.

Mr. Chief Justices JONES and Mr. Justice EAGEN join in this opinion.

---

OPINION IN SUPPORT OF REVERSAL BY MR. JUSTICE POMEROY, JOINED BY MR. JUSTICE O'BRIEN AND MR. JUSTICE MANDERINO:

The appellant, Leroy Hawkins, was tried before a judge sitting without a jury on twenty-five bills of indictment for fraudulent conversion of property in violation of §834 of the Penal Code.[1] The appellant was found guilty on nine of those bills. At a hearing on his

---

[1] Act of June 24, 1939, P. L. 872, 18 P.S. §4834. This section has been substantially revised in Crimes Code §4113, added by Act of December 6, 1972, P. L. 1482, No. 334, 18 Pa.C.S. §4113, eff. June 6, 1973.

post-trial motions, the trial judge granted a motion in arrest of judgment on one bill, but denied all motions as to the remaining eight. A sentence of imprisonment of three months to three years was imposed for each of the eight convictions, the terms to run concurrently. An appeal was taken to the Superior Court, where the judgments of sentence were affirmed.[2]

The appellant is engaged in an enterprise which manufactures and installs gravestones and memorial plaques. All eight convictions stem from contracts between the appellant and his customers. When he began this business in 1963, it consisted of obtaining orders for memorials, procuring the needed stone from suppliers, contracting with manufacturers to cut the stone, ordering a foundation for the stone from the cemetery, and arranging to have stone setters place the stone on the foundation; by 1968, the appellant had begun to manufacture his own stones. Orders for the memorials were generally obtained through salesmen, who used form contracts for the purpose: the appellant estimated that he had handled orders for nearly 4,000 monuments.

The eight transactions giving rise to the convictions under review can be summarized briefly. Each involved a contract, signed by either the appellant or his sales representative, in which appellant agreed that a specified monument would be placed at a designated grave. In addition to stating the total price for this service, seven of the contracts identified two elements of that total: the cemetery fee, and the charge for the memorial. Payments on the contracts were generally made on the day of signing or shortly thereafter. Two of the cases involved deposits made on account, with full payment following within a short period; in one case, payment required two months.

---

[2] Judge PACKEL filed a dissenting opinion.

In each instance here involved, appellant made oral promises of performance by a certain date. Delays in performance beyond the promised date ranged from over three years in two cases, to two years and four months in another, and less than a year in the remaining cases. Excuses for these delays included placing the stone on the wrong grave, loss of stone in shipment, a heavy backlog, misplacement of stone, and inaction on the part of the cemetery. Appellant also made inaccurate claims of performance. The performance which appellant did make was, with one exception, deficient in various respects. These deficiencies included a missing basin, a foundation without a stone, a stone placed on a grave different from the matching foundation, a stone but no foundation, a stone different from that which had been ordered, and a missing plaque. In one case there was no performance whatever.[3]

However irresponsible and reprehensible the above conduct, it does not amount to the crime of fraudulent conversion as it is understood in this Commonwealth. The Penal Code definition, in pertinent part, is as follows: "Whoever, having received or having possession . . . of any money or property, . . . of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, . . . to and for his own use and benefit, . . . is guilty of a felony . . . ." 18 P.S. §4834. As the statute indicates, a person does not come within its prohibition unless he is in possession of money or property belonging to someone else. It does not apply where a person has received title along with

---

[3] Throughout, the evidence has been viewed in the light most favorable to the Commonwealth. *Commonwealth v. Carbonetto*, 455 Pa. 93, 95, 314 A.2d 304 (1974) ; *Commonwealth v. Clark*, 454 Pa. 329, 331, 311 A.2d 910 (1973).

possession, and is thus free to dispose of the money or property received without restriction. *Commonwealth v. Wiener*, 340 Pa. 369, 374, 17 A.2d 357 (1941) (construing a similar provision of the Act of May 18, 1917, P.L. 241, superseded by §834 of the Penal Code); *Commonwealth v. Yocum*, 211 Pa. Superior Ct. 17, 20, 234 A.2d 43 (1967); *Commonwealth v. Maust*, 205 Pa. Superior Ct. 281, 285-86, 208 A.2d 906 (1965); *Commonwealth v. Sherman*, 182 Pa. Superior Ct. 319, 325, 126 A.2d 480 (1956); *Commonwealth v. Schuster*, 158 Pa. Superior Ct. 164, 167, 44 A.2d 303 (1945); *Pearl Assurance Co., Ltd. v. National Ins. Agency, Inc.*, 151 Pa. Superior Ct. 146, 155, 30 A.2d 333 (1943) (construing the Act of May 18, 1917, P.L. 241). Even where restrictions do exist on the use of another's money or property, a reasonable belief in the nonexistence of the restrictions exonerates the recipient, since the statute pertains only to conversions which are fraudulent. *Commonwealth v. Wiener, supra* at 375; *Commonwealth v. Schad*, 218 Pa. Superior Ct. 359, 362-63, 280 A.2d 655 (1971); *Commonwealth v. Powell*, 205 Pa. Superior Ct. 439, 441, 211 A.2d 70 (1965).

Consistent with the above principles, fraudulent conversion has been found where the defendant made personal use of funds which he was commissioned to convey to another person.[4] Conversely, fraudulent con-

---

[4] *Commonwealth v. Fullwood*, 214 Pa. Superior Ct. 135, 140-41, 251 A.2d 677 (1969) (employee of treasury department failed to deposit tax receipts); *Commonwealth v. Powell*, 205 Pa. Superior Ct. at 441 (mortgage broker's personal use of funds collected from client in order to cover appraisal fee and security deposit required by lending institutions); *Commonwealth v. Maust*, 205 Pa. Superior Ct. at 285-86 (defendant, charged with collecting judgments on behalf of judgment creditor, failed to deliver funds collected); *Commonwealth v. Doria*, 193 Pa. Superior Ct. 206, 211, 163 A.2d 918 (1960) (money received for purchase of real estate used for another purpose); *Commonwealth v. Stone*, 187 Pa. Superior Ct.

version has not been found where money has been received in exchange for a contractual obligation.[5]

In the present case, the Commonwealth's evidence could support the following findings: the defendant contracted with eight persons to erect specified grave markers for specified grave lots by specified dates; there were delays, and often substantial ones, in the performance of these contracts; in six of these cases, the performance received was less than that contracted for; and in one case, there was no performance at all. Notwithstanding this abundant evidence of misfeasance and nonfeasance by Hawkins in fulfilling contractual obligations, there is no basis for equating such failures of performance with fraudulent conversion of the funds of the complainants. The element here lacking, and which was present in the cases cited, *supra* n. 4, is any consignment to the appellant of monies earmarked for third persons, to be paid in exchange for goods or services to be supplied by them. What the evidence indicates, even when viewed most favorably to the Commonwealth, is that it was contemplated that the defendant would perform these services and that

225, 229, 144 A.2d 614 (1958) (debt collector delayed payment of funds which he was commissioned to collect on behalf of clients) ; *Commonwealth v. Sherman*, 182 Pa. Superior Ct. at 323 (funds deposited with broker for purchase of real estate used by broker for different purpose) ; *Commonwealth v. Spiegel*, 169 Pa. Superior Ct. 252, 82 A.2d 692 (1951) (accountant's personal use of funds received for payment of client's taxes) ; *Commonwealth v. Schuster*, 158 Pa. Superior Ct. at 168 (stock broker directed to sell specific securities and purchase others with proceeds used the proceeds for another purpose) ; *Pearl Assurance Co., Ltd. v. National Ins. Agency, Inc.*, 151 Pa. Superior Ct. at 156 (defendant, commissioned to collect insurance premiums, withheld funds collected).

[5] *Commonwealth v. Wiener*, 340 Pa. at 373-74 (no conviction if defendant merely discounted note at less than agreed upon rate) ; *Commonwealth v. Yocum*, 211 Pa. Superior Ct. at 20 (defendant secured purchase of note by false representation).

the price of the contract included his expenses and compensation for doing so. It is clear, therefore, that the consideration called for by the contracts was received in exchange for a contractual obligation on Hawkins' part; there was no limitation on his use of the funds received. Accordingly, Hawkins' failure to obtain or install the specified stone did not constitute fraudulent conversion of the monies paid to him for that work.

A more difficult question is presented by the reference, in seven of the contracts, to a cemetery fee. As indicated above, a person may be guilty of fraudulent conversion where he has used for his own purposes money received for fees due a third party. See, e.g., *Commonwealth v. Schad, supra,* and *Commonwealth v. Powell, Commonwealth v. Sherman,* and *Commonwealth v. Spiegel, supra* n. 4. This case presents three transactions in which the evidence indicates that Hawkins had failed to pay the fee to the cemetery by the date installations had been promised. (Nos. 427, 431, and 433.) The only evidence, however, that a portion of the funds received was to be used solely for the purpose of paying the cemetery fee is the separation within the contract itself of the part of the total attributable to the memorial from the part due the cemetery. Offsetting this factor is the reference to the total amount received as the total contract price, and the absence of any evidence that the amount of the cemetery fee was paid separately from the amount paid for obtaining the memorial stone. Both these factors indicate that payment of the cemetery fee was part of the total performance contracted for, and not a separate obligation undertaken by the defendant. Although we cannot say with certainty that this was, in fact, the nature of the transaction, such an interpretation is so consistent with the transactions described that the defendant would have been justified in

believing that a separate obligation had not been created. Thus, in the only transactions in which conversion is arguably made out, it cannot be said beyond a reasonable doubt that those conversions were fraudulent. *Commonwealth v. Wiener, supra* at 375; *Commonwealth v. Schad, supra* at 362-63; *Commonwealth v. Powell, supra,* at 441.

Accordingly, the subscribers to this opinion would reverse the order of the Superior Court and vacate all eight judgments of sentence.