330 A.2d 926

COMMONWEALTH of Pennsylvania

v.

Richard G. DISQUE, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 12, 1974.

Decided Jan. 27, 1975.

George M. Painter, III, King of Prussia, for appellant.

William H. Lamb, Dist. Atty., F. Ned Hand, Asst. Dist. Atty., Timothy H. Knauer, Asst. Dist. Atty., West Chester, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Richard G. Disque, was found guilty by a judge sitting without a jury of fraudulent conversion. Posttrial motions were denied and appellant was sentenced to two years probation and ordered to pay a $200 fine. The Superior Court affirmed appellant's conviction, we granted allocatur and now we reverse.

The facts surrounding this appeal are as follows. American Arts, Inc. was incorporated in August of 1970 to do business in Pennsylvania. The incorporators were Attorney Jonathan DeYoung, Van Weiss and Charlotte Troilo. In October of 1970, John A. Wasson, as an investor in the corporation, advanced $15,000 to the corporation for operating capital. At that time, a checking account was opened at Central Penn Bank in Paoli, Pennsylvania, and the funds were deposited. The account required two signatures on the checks, Wasson and appellant Disque. In November of 1970, the account was all but dissipated and appellant asked Wasson to advance more capital; Wasson refused. On December 21, 1970, appellant received from the National Wildlife Federation payment for an account receivable in the amount of $2,700. Appellant, rather than placing the money in the corporate account at Central Penn, deposited the funds in the Philadelphia National Bank (P.N.B.) in the corporate name. However, when appellant opened the P.N.B. account, he produced a corporate resolution which indicated that only his signature was required for withdrawal of the funds. The resolution was signed by appellant as vice president in the presence of Charlotte Troilo, the secretary of the corporation. The resolution was signed in the office of Attorney Jonathan DeYoung, the corporation's president. Wasson was not notified of the new

account. Within two weeks of the opening of the new account, appellant had withdrawn $2,300 from the P.N.B. account. Wasson subsequently learned of the transactions and appellant was charged and convicted of fraudulent conversion. This appeal followed.

Appellant argues, and we agree, that the evidence presented in this case was insufficient to prove his guilt beyond a reasonable doubt. Act of June 24, 1939, Act No. 375, P.L. 872, § 834, 18 P.S., Section 4834 provides as follows:

"Section 4834. Fraudulent Conversion of Property. —Whoever, having received or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, is guilty of a felony, and upon conviction thereof . . . ."

In the facts of the instant case, the Commonwealth has failed to prove that appellant's opening of the new account and his subsequent withdrawals were done with an intent to deprive the true owner of the property, a necessary element for a conviction under the fraudulent conversion statute. See *Commonwealth v. Schad*, 218 Pa. Super. 359, 280 A.2d 655 (1971). The record reveals that before appellant opened the new account at P.N.B., he first consulted Mr. DeYoung, who was the president of the corporation and its attorney. DeYoung, acting as the corporation's attorney and as president of the corporation, advised appellant that in his opinion Wasson was not a stockholder in the corporation and, therefore, the corporate resolution opening the new account was valid without Wasson's consent. [Prior to the opening of the

new account, an agreement was prepared giving Wasson forty-seven percent of the stock and a veto on all corporate expenditures, but it was never signed. Wasson testified that its terms were orally adopted.] Moreover, DeYoung told appellant he saw nothing wrong in appellant's withdrawal of the funds to reimburse him for expenses and a draw against his salary. Based on these facts we must conclude that the Commonwealth has failed to prove any criminal intent on the part of appellant when he opened the new account and his subsequent withdrawal of the funds.

Judgment of sentence reversed.