## Commonwealth v. Warrell

*Allen E. Ertel*, District Attorney, for Commonwealth.

*John P. Campana*, for defendant.

GREEVY, P. J., September 15, 1969.—Following his conviction by a jury of the crime of fraudulent conversion, George Warrell, defendant, filed motions in arrest of judgment and for a new trial.

The material facts are these: Defendant agreed to construct a garage for William Franquet, for $1,845,

of which $1,425 was advanced for materials and the balance of $420 was to be paid for defendant's work, one-half when the garage was under roof and the other one-half when the garage was completed. Defendant received the $1,425, but did not buy the required materials nor did he complete the garage. The Commonwealth contends that defendant converted $1,190 for his own purposes. This, defendant denies. He admits receiving the $1,425 but contends that not only did he receive possession but also title to the $1,425, and further that he lost $700 of it and used the balance for the purposes for which it was given.

## DISCUSSION

A motion in arrest of judgment is granted only (1) where there is error appearing on the face of the record, or (2) where there is insufficient evidence to sustain the charge.

In passing upon a motion in arrest of judgment following a conviction for a crime, the sufficiency of the evidence must be evaluated upon the entire trial record; the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. See Commonwealth v. Tabb, 417 Pa. 13 (1965).

The motion in arrest of judgment sets forth that the title and possession of the money was vested in defendant and, therefore, the verdict cannot be upheld.

Fraudulent conversion is defined by section 834 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4834, as follows:

"Whoever, having received, or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived

from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, is guilty of a felony. . ."

The key to the crime of fraudulent conversion is the taking of the property of another (in the instant case, money) and converting it to one's own use. By definition, a person cannot convert his own property. Therefore, if Franquet parted with title and possession to the $1,425, when he gave the check to defendant, the conviction for fraudulent conversion cannot be upheld.

Defendant received Franquet's check with full knowledge of the purpose for which it was given, that is, it was given to be used to purchase materials for Franquet's garage. The money at no time "belonged" to defendant. He had possession of it to purchase specific supplies necessary for the construction of the garage but title never passed to him.

Defendant contends that there is insufficient evidence to sustain his conviction and further that the verdict was against the weight of the evidence. The test is whether, accepting as true all of the Commonwealth's evidence, upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the crime charged. See Commonwealth v. Dunn, 212 Pa. Superior Ct. 384, 243 A. 2d 476 (1968).

We have a duty to consider the entire record to determine whether there is sufficient evidence to establish the guilt of defendant. This we have done, and we are satisfied that the evidence presented and believed by the jury was sufficient to find defendant guilty of fraudulent conversion.

Defendant further contends that the evidence does not show that a demand was made on him for the return of the money. Ordinarily, where a defendant is

lawfully in possession of property, before an indictment for fraudulent conversion can be sustained, there must be evidence of a demand and refusal to deliver. See Commonwealth v. Dunn, supra.

At the trial, Franquet stated, in response to the following question:

"Q. Now did you ever talk to Mr. Warrell with respect to the whereabouts of either the other materials or the money?

"A. Yes, Sir. We made numerous, I say 'numerous', I say 10, 12, 14 contacts with Mr. Warrell, first by telephone and later in person by going to his home or wherever we could find him."

This testimony supports the finding that demands were made to defendant for the money given or for the receipts for the construction material.

However, even the absence of a demand is not controlling where, as here, the element of actual misapplication is made out by other evidence. See Commonwealth v. Spiegel, 169 Pa. Superior Ct. 252 (1951); Commonwealth v. Maust, 205 Pa. Superior Ct. 281 (1965).

There are no errors on the face of the record and there is ample evidence to support the verdict. Therefore, defendant's motion in arrest of judgment is denied.

In his motion for a new trial, defendant sets forth that (1) the verdict was against the weight of the evidence, and (2) the trial judge erred in refusing to charge on the question of title.

No. 1 has already been discussed and disposed of.

Defendant orally requested that the court charge that 'if . . . (you, the jury, in weighing the testimony find that) the prosecutrix or her husband passed title to the money as well as possession then you must find the defendant not guilty."

The request was made after the main charge was completed and after the jury had been instructed al-

ready that to warrant a conviction under the statute it was essential for them to find that the property belonged to Franquet and was not merely owed to him by reason of a contractual obligation.

It is not error to refuse to grant a request for charge when the subject of the request has been substantially and adequately covered in the main charge. See Commonwealth v. Lockett, 291 Pa. 319; Davis v. Piatt, 365 Pa. 538; Commonwealth v. Clanton, 395 Pa. 521; Woldow v. Dever, 374 Pa. 370; Poulson v. Gamble, 197 Pa. Superior Ct. 300.

In addition, the jury was instructed further that the gist of the offense was the "withholding of another's property with the intent to defraud the owner and convert and apply it to his own use."

We find that the trial judge did not err in refusing the charge on the question of title.

### ORDER

And now, September 15, 1969, defendant's motion in arrest of judgment is refused and the motion for a new trial is denied. The district attorney is directed to present defendant for sentencing on Thursday, October 9, 1969, at 2 p. m.